**CAROLINA POWER AND LIGHT COMPANY, a corporation, Appellant,**

v.

**R. R. JERNIGAN, Administrator of the estate of Haymie Warren, deceased, Appellee.**

No. 6984.

United States Court of Appeals Fourth Circuit.

Argued May 26, 1955.

Decided May 27, 1955.

**952**

A. Y. Arledge, Raleigh, N. C. (T. D. Paulling, Darlington, S. C., on brief), for appellant.

John L. Neetles and James P. Mozingo, III, Darlington, S. C. (Archie L. Chandler, Darlington, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order suppressing the taking of depositions until the court should have ruled upon a motion to remand. Appellant, the Carolina Power & Light Company, a North Carolina corporation, was sued in the Court of Common Pleas of Darlington County, South Carolina, to recover damages on account of wrongful death by one Jernigan, administrator of the estate of Haymie Warren. Although the administrator was a citizen and resident of North Carolina, the state of incorporation of the defendant, the defendant filed a petition for removal into the court below on the ground that the real parties in interest were the parents of Haymie Warren, who were entitled to any amount that might be recovered as damages in the action, that they were citizens and residents of the state of South Carolina and that they and their attorneys had procured the appointment of a citizen of North Carolina as administrator in an attempt to prevent the removal of the case into the federal court. A motion to remand was made by the plaintiff, which was set for hearing before a judge assigned to hold the courts of the District; and, while the motion was pending, defendant gave notice of the taking of the depositions of certain witnesses by whom defendant proposed to prove that a citizen of North Carolina was appointed administrator for the purpose of preventing removal to the federal courts as well as certain facts with regard to decedent's death. The resident judge, being of opinion that the case would have to be remanded under the decision of the Supreme Court in Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, even though the allegations with respect to the reasons for appointment of Jernigan as administrator were established, entered an order that the taking of depositions be "suppressed until such time as the court shall have ruled on the plaintiff's motion to remand". From this order the defendant has appealed. We think it perfectly clear that the order is not a final order from which an appeal lies to this court and that the appeal must be dismissed for this reason. Baltimore Contractors, Inc., v. Bodinger, 348 U.S. 176, 75 S.Ct. 249; City of Morgantown, W. Va. v. Royal Ins. Co., Ltd., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; Arnold v. United States, for use of W. B. Guimarin & Co., 263 U.S. 427, 44 S.Ct. 144, 68 L.Ed. 371; Beury v. Beury, 4 Cir., 222 F.2d 464; E. I. du Pont de Nemours Company, Inc., v. Hall, 4 Cir., 220 F.2d 514; National Bondholders Corp. v. McClintic, 4 Cir., 99 F.2d 595.

Appeal dismissed.