## TENNESSEE-CAROLINA TRANSPORTATION, INC. v. STRICK CORPORATION

### No. 32

#### (Filed 6 April 1976)

**Rules of Civil Procedure § 26— prohibition against further discovery — taking of deposition prohibited — no abuse of discretion**

> There was no prejudice to defendant or abuse of the trial court's discretion in entering an order prohibiting defendant from taking the deposition of an out-of-state expert witness, since the taking of the deposition would constitute discovery, further discovery had formerly been prohibited by the trial court, defendant had had the opportunity to discover the identity of this witness early in the proceedings but had not taken advantage of it, and the evidence sought by the deposition would be cumulative.

Chief Justice SHARP and Justices LAKE and COPELAND dissent.

ON *certiorari* to the North Carolina Court of Appeals.

On 10 July 1967 plaintiff, a Tennessee corporation licensed in eight states (including North Carolina) as a general commodities carrier entered into a contract with defendant, a Pennsylvania corporation, for the manufacture of 150 42-foot trailers to be built according to plaintiff's specifications at an agreed price of $5,695 per unit. The trailers were delivered f.o.b. defendant's Chicago factory during the months of August, September and October 1967. During the six months following delivery of the trailers two or three of the trailers sagged downward and bulged outward so as to make them unusable. Defendant at its expense repaired these trailers by installing aluminum reinforcement midway the top of the tops of the defective trailers. These repairs were completed in the early portion of 1968. No further problems were encountered until the period May through June 1970 when about nine trailers malfunctioned in a similar manner to those repaired in 1968.

Plaintiff instituted action in 1970 alleging that the malfunction of the trailers was due to improper design and manufacture on the part of the defendant, that although defendant made several attempts to repair some of these trailers, such repairs were ineffective and that defendant had refused to make further efforts to repair other malfunctioning trailers. Plaintiff sought damages in the amount of $670,000.

Defendant denied that any malfunction in the trailers was caused by faulty construction or design and further denied that any warranty covered the trailers.

This case has been before us on two other occasions. We granted a new trial on the original appeal (283 N.C. 423) because of error in admitting evidence concerning plaintiff's damages. On the second appeal (286 N.C. 235, opinion filed 11 December 1974) a new trial was granted, *inter alia,* because the trial judge erred in not allowing defendant's expert witness to testify in rebuttal of plaintiff's evidence to the effect that a portion of the several trailers' framework was made from metal that was too soft and that this caused the trailers to fail.

During the second trial at the 21 January 1974 Session of Mecklenburg Superior Court defendant, by cross-examination of Mr. Charles Youree, president of plaintiff corporation, discovered that plaintiff had employed an expert in metallurgy who lived in Atlanta, Georgia, to examine some of the trailers for the purpose of determining if the metal frames met contract specifications as to hardness. The expert's report was received about two years prior to the second trial. When plaintiff did not offer the testimony of this expert defendant sought by *subpoena duces tecum* to have plaintiff produce the expert's reports concerning his tests. The trial judge refused to require plaintiff to produce these subpoenaed documents on the ground that the material was privileged.

After we remanded for a new trial by our decision filed 11 December 1974, defendant moved for additional time for discovery by motion filed in January 1975. Plaintiff opposed the motion on the ground of privilege. Judge Snepp denied defendant's motion. In so ruling he cited an order of Judge Sam Ervin III, entered 15 October 1973 which, in part, provided that "no further discovery should be had unless by mutual consent of the parties."

On 27 May 1975 defendant gave notice of intent to take the depositions of George V. Aseff of Atlanta, Georgia, and Creed Headrick of Chattanooga, Tennessee. Plaintiff thereupon moved for an order of prohibition to forbid the taking of either deposition. Judge Snepp entered an order dated 13 June 1975 allowing defendant to take the deposition of Creed Headrick and prohibiting the taking of the deposition of George V. Aseff because it "would constitute discovery in violation of the former orders of this court." Defendant gave notice of appeal and tendered

appeal entries to Judge Snepp who entered an order on 20 June 1975 which adjudged and decreed "that the defendant does not have a right of appeal from the court's ruling contained in order entered on 13 June 1975, and its appeal, oft (sic), is by way of petition for certiorari to the North Carolina Court of Appeals." On 18 August 1975, plaintiff filed a motion with the Court of Appeals to dismiss defendant's appeal. This motion was allowed on 22 October 1975. Defendant appealed from this order pursuant to G.S. 7A-30(1) and also petitioned for discretionary review pursuant to G.S. 7A-31. We allowed defendant's petition for discretionary review on 6 January 1976 and on the same date denied plaintiff's motion to dismiss defendant's appeal.

*Welling and Miller by George J. Miller and Charles M. Welling; Kennedy, Covington, Lobdell & Hickman by Hugh L. Lobdell for defendant appellant.*

*Wallace S. Osborne; William J. Waggoner; Robert D. McDonnell for plaintiff appellee.*

BRANCH, Justice.

Defendant contends that the trial judge's ruling denying the taking of Mr. Aseff's deposition resulted in a denial of his constitutional right to due process because he was denied the right to present competent evidence in defense to plaintiff's claim. We do not agree. Defendant did not raise this question in the court below and we do not ordinarily consider constitutional questions which were not raised and passed upon in the court below. *Bland v. Wilmington,* 278 N.C. 657, 180 S.E. 2d 813; *Johnson v. Highway Commission,* 259 N.C. 371, 130 S.E. 2d 544. Further the judge's ruling involved a procedural matter embodied in our statutes and the question here presented is whether the trial judge erred in prohibiting defendant from taking the deposition of George V. Aseff because defendant did not know "what the testimony of the witness would be and the taking of said deposition would, therefore, constitute discovery which would be a violation of the former orders of this Court."

At the time of the entry of the order G.S. 1A-1, Rule 26 governed the taking of depositions when actions were pending.

The pertinent portion of that statute provided:

(a) *When depositions may be taken.*—After the commencement of an action and before a final judgment, any

party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. The deposition may be taken without leave of court, except that leave, granted with or without notice, must be obtained if notice of the taking is served by the plaintiff within 30 days after commencement of the action. . . .

G.S. 1A-1, Rule 30(b) provided for orders of protection for parties and deponents. We quote that portion of the statute:

(b) *Orders for the protection of parties and deponents.*—After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the judge of the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated time or place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the judge or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from unreasonable annoyance, embarrassment, expense, or oppression.

We find no decisions in this jurisdiction offering guidance on the narrow question here presented. However, our rules are closely patterned upon the federal rules which have also been adopted and construed in other jurisdictions. We turn to these courts for aid.

The general rule is that orders denying or allowing discovery or depositions are not appealable. This rule does not apply to separate proceedings in discovery where the court's ruling disposes of every issue before it. Moore's Federal Prac-

tice § 26.83 (3) (4). *Di Bella v. United States,* 369 U.S. 121, 7 L.Ed. 2d 614, 82 S.Ct. 654; *Merino v. Hocke,* 289 F. 2d 636; *Carolina Power & Light Co. v. Jernigan,* 222 F. 2d 951, *cert. denied,* 350 U.S. 837, 100 L.Ed. 746, 76 S.Ct. 74. This rule is consistent with our rule that appeal lies only from final judgment unless the order affects some substantial right and injury will result to appellant unless corrected before appeal from final judgment. *Lucas v. Felder,* 261 N.C. 169, 134 S.E. 2d 154; *Perkins v. Sykes,* 231 N.C. 488, 57 S.E. 2d 645. Further the granting or denial of this protective order was addressed to the trial judge's discretion and his ruling will not be disturbed absent a showing of abuse. *Tennessee Electric Power Co. v. T.V.A.,* 306 U.S. 118, 83 L.Ed. 543, 59 S.Ct. 366; *Chemical and Industrial Corp. v. Druffel,* 301 F. 2d 126; *West Pico Furniture Co. v. Superior Court,* 56 Cal. 2d 407, 15 Cal. Rptr. 119, 364 P. 2d 295; *Barnes v. Lednum,* 197 Md. 398, 79 A. 2d 520.

The United States Supreme Court considered a similar question in *Tennessee Electric Power Co. v. T.V.A., supra.* There plaintiff contended that the trial judge erred in failing to allow plaintiff to take the deposition of the public works administrator. The court, noting the failure of the plaintiff to timely take the requested deposition, ruled that plaintiff had failed to show any abuse of discretion on the part of the trial judge.

*Sanden v. Mayo Clinic,* 495 F. 2d 221 (8th Cir. 1974), is remarkably similar to the case before us for decision. In *Sanden* after the normal period of discovery had ended plaintiff sought to take the deposition of an out-of-state expert witness who was unable to appear at trial. The trial judge refused to modify a previous order limiting further discovery and on appeal his ruling was upheld by the 8th Circuit Court of Appeals.

It is a well-settled rule that the right to take a deposition may be ended by a rule of practice or by order of the trial judge. 8 Wright and Miller, Federal Practice and Procedure: Civil § 2038, n. 59. *Tennessee Electric Power Co. v. T.V.A., supra; Greyhound Lines, Inc. v. Miller,* 402 F. 2d 134; *Associated Metal & Minerals Corp. v. S. S. Geert Howaldt,* 348 F. 2d 457; *Price v. H. B. Green Transportation Line, Inc.,* 287 F. 2d 363.

Defendant argues that he acted seasonably in seeking to obtain the deposition of Mr. Aseff because he did not obtain

---

---

knowledge of this witness until the second trial in January 1974. However, even before the initial trial, defendant had the right pursuant to Rule 26 (b) to discover "the identity and location of persons having knowledge of relevant facts." This defendant did not do even though he was granted additional time for discovery prior to the second trial. Further, it appears that at the second trial defendant offered expert testimony on the very question about which he seeks to examine plaintiff's expert. It is true that there is some indication that Mr. Aseff tested some of the trailers two years before the second trial. Nevertheless defendant fails to show when his expert or experts made their tests or examinations. In the present posture of this case it appears that the evidence sought by deposition would be cumulative. Thus defendant has failed to show substantial prejudice resulting from the trial judge's order or that there was abuse of discretion on the part of the trial judge in entering the order.

After hearing oral argument of counsel and upon closely examining this record, we conclude that we acted improvidently in allowing defendant's petition for discretionary review and in denying plaintiff's motion to dismiss defendant's appeal.

Appeal dismissed.

Chief Justice SHARP and Justices LAKE and COPELAND dissent.