TENNESSEE-CAROLINA TRANSPORTATION, INC. v. STRICK CORPORATION

No. 52

(Filed 31 January 1977)

1. **Rules of Civil Procedure § 26— prohibition against further discovery — taking of deposition prohibited — error**

The trial court erred in prohibiting the defendant from taking the deposition of an out-of-state expert witness, though the court had previously entered an order barring further discovery, since defendant sought to take the deposition to obtain evidence for use at the trial which was relevant to the issue to be determined by the jury and such evidence was not merely cumulative.

2. **Appeal and Error § 6— order affecting substantial right — order appealable**

   The order of the trial court prohibiting defendant from taking the deposition of an out-of-state expert witness effectively precluded defendant from introducing evidence concerning tests performed by the witness; thus, the order affected a substantial right of defendant and was appealable. G.S. 1-277(a).

3. **Rules of Civil Procedure § 26— order prohibiting discovery — no good cause shown**

   Where the trial court's ground for prohibition against the taking of the deposition of an out-of-state expert witness was that the court had previously entered an order fixing the time within which discovery must be completed and had rejected an application by defendant for an extension of that time, such ground did not amount to good cause as required by G.S. 1A-1, Rule 26(c).

4. **Rules of Civil Procedure § 26— discovery — knowledge of matters sought — no ground for objection**

   The fact that a party seeking discovery has knowledge of the information as to which discovery is sought is not grounds for objection.

   Justice BRANCH dissenting.

   Justices HUSKINS and EXUM join in the dissent.

ON rehearing upon petition of defendant for reconsideration of the decision of this Court, reported in 289 N.C. 587, 223 S.E. 2d 346, dismissing defendant's appeal from the decision of the Court of Appeals which, in turn, dismissed its appeal from the Superior Court of MECKLENBURG County.

This is the fourth time that this litigation has been before this Court. It is an action for damages for breach of an alleged implied warranty of fitness for purpose growing out of a contract for the manufacture and sale by the defendant to the plaintiff of 150 trailers. Upon the first trial of the action, the jury found that there was an implied warranty of fitness for purpose and a breach thereof and awarded damages. From the resulting judgment upon the verdict the defendant appealed and a new trial was ordered on the issue as to the extent of the breach of the warranty and on the issue of damages. *Transportation, Inc. v. Strick Corporation*, 283 N.C. 423, 196 S.E. 2d 711 (1973). On the second trial of the action, the plaintiff again recovered judgment and, on appeal therefrom, a new trial was granted for error in the exclusion of evidence offered by the defendant. *Transportation, Inc. v. Strick Corporation*, 286 N.C. 235, 210 S.E. 2d 181 (1974).

In the course of the second trial, through cross-examination of the plaintiff's president, the defendant learned for the first time that the plaintiff had caused scientific tests to be made by Mr. George Aseff, a metallurgist residing in Atlanta, Georgia, upon some of the trailers with reference to the hardness of the metal used in the construction of the top rails of these trailers. At that trial, proposed cross-examination of this witness by the defendant concerning such tests was excluded by the trial court. For present purposes, Mr. Aseff is assumed to be a qualified expert.

Following the remand of the action to the trial court for a third trial, the defendant moved in the Superior Court for additional time in which to "conduct discovery" with reference to the tests so made by Mr. Aseff. That motion was denied for two reasons: (1) Prior to the second trial of the case, the Superior Court had entered an order terminating all discovery as of 15 August 1973; and (2) the age of the case.

Thereafter, on 27 May 1975, the defendant gave notice that it would take the deposition of Mr. Aseff on 23 June 1975 for for the purpose of using such deposition as evidence at the third trial. No date for the third trial had then been set. On 6 June 1975, the defendant also gave notice that it would take the deposition of a Mr. Headrick, in Chattanooga, Tennessee, for use as evidence at the third trial.

The notice of the taking of the proposed deposition stated, "The deposition herein referred to is to be taken for use as evidence in the trial of this action as provided in Rule 26 of the N.C.R. of Civ. Proc." and that the deposition would be taken on 23 June 1975 at the place of business of the proposed deponent in Atlanta, Georgia. The subpoena issued for Mr. Aseff commanded him to be present at the specified time and place "to be examined on deposition for the purpose of discovery and for the preservation of testimony," and directed him to bring with him "all documents or reports you have in connection with the above-stated case."

On 9 June 1975, the plaintiff moved that the trial court forbid the taking of these two proposed depositions on the ground that they constituted discovery and, for this reason, were barred by the order refusing to grant additional time for the conduct of discovery. On 13 June 1975, the Superior Court issued its order prohibiting the taking of the deposition of Mr.

Aseff but refusing to prohibit the taking of the deposition of Mr. Headrick, distinguishing the two on the ground that the defendant knew, in substance, what Mr. Headrick would testify but did not know what the testimony of Mr. Aseff would be and, consequently, the taking of the deposition of Mr. Aseff would be discovery. It is in this order, prohibiting the taking of the deposition of Mr. Aseff, from which the present appeal is taken. At the time it was entered, the case had not been set for the third trial.

The defendant's appeal from this order of the Superior Court was dismissed by the Court of Appeals, from which dismissal the defendant appealed to this Court. On 6 April 1976, this Court dismissed the appeal in the decision now being reconsidered, saying:

"Defendant contends that the trial judge's ruling denying the taking of Mr. Aseff's deposition resulted in a denial of his constitutional right to due process because he was denied the right to present competent evidence in defense to plaintiff's claim. We do not agree. Defendant did not raise this question in the court below and we do not ordinarily consider constitutional questions which were not raised and passed upon in the court below. * * * Further the judge's ruling involved a procedural matter embodied in our statutes and the question here presented is whether the trial judge erred in prohibiting defendant from taking the deposition of George V. Aseff because defendant did not know 'what the testimony of the witness would be and the taking of said deposition would, therefore, constitute discovery which would be a violation of the former orders of this Court.'

*      *      *

"We find no decisions in this jurisdiction offering guidance on the narrow question here presented. * * *

"The general rule is that orders denying or allowing discovery or depositions are not appealable. * * * This rule is consistent with our rule that appeal lies only from final judgment unless the order affects some substantial right and injury will result to appellant unless corrected before appeal from final judgment. * * * Further the granting or denial of this protective order was addressed to the

trial judge's discretion and his ruling will not be disturbed absent a showing of abuse.

\*    \*    \*

"Further, it appears that at the second trial defendant offered expert testimony on the very question about which he seeks to examine plaintiff's expert. It is true that there is some indication that Mr. Aseff tested some of the trailers two years before the second trial. Nevertheless defendant fails to show when his expert or experts made their tests or examinations. In the present posture of this case it appears that the evidence sought by deposition would be cumulative. Thus defendant has failed to show substantial prejudice resulting from the trial judge's order or that there was abuse of discretion on the part of the trial judge in entering the order."

*Welling & Miller by George J. Miller and Charles M. Welling; Kennedy, Covington, Lobdell & Hickman by Hugh L. Lobdell for defendant appellant.*

*Wallace S. Osborne; Waggoner, Hasty & Kratt by William J. Waggoner and Robert D. McDonnell for plaintiff appellee.*

LAKE, Justice.

[1]   On further consideration, we reach the conclusion that our original decision to dismiss this third appeal in this action should be recalled and vacated and that there was error in the order of the Superior Court prohibiting the defendant from taking the deposition of Mr. Aseff for use as evidence at the third trial.

In our decision upon the first appeal in this action, 283 N.C. 423, 196 S.E. 2d 711 (1973), we held that the defendant was entitled to a new trial on the issue of damages and we said:

"Of necessity, a new trial on the issue of damages also requires a new trial on the issue as to breach of warranty because the jury that assesses the damages should be the same jury that determines whether, *and to what extent,* the fitness warranty was breached. \* \* \* We hold that this evidence entitles plaintiff to go to the jury on the breach of warranty issue with respect to all 150 trailers."

By reason of error found by us on the second appeal, 286 N.C. 235, 210 S.E. 2d 181 (1974), the determination of the jury on the second trial that the implied warranty of fitness for purpose had been broken and its determination as to the extent of that breach were set aside and a new trial ordered. Consequently, upon the third trial, yet to be had, a crucial question is as to how many, if any, of the trailers were defective. The plaintiff contends that all of the 150 trailers were defective, by reason of the failure of the metal used in the construction of the top rails in the several trailers to measure up to the proper degree of hardness. The defendant contends that none of the trailers (or in any event less than all of them) was defective in this respect. Therefore, upon the third trial of the action, the degree of hardness of the metal in the top rails, with reference to each of the 150 trailers, is a critical question, on which the right of the plaintiff to recover for the breach of warranty with reference to that trailer depends.

From the record and briefs now before us, it appears that the defendant made tests of some, but not all, of the trailers for the purpose of determining the hardness of such metal in the top rails thereof. At the second trial, the defendant learned that the plaintiff had caused Mr. Aseff, an expert metallurgist, to make tests upon some of the trailers to determine the hardness of the metal in the top rails thereof. The defendant does not know which trailers Mr. Aseff so tested, or what his tests revealed as to the hardness of the metal in the top rails of those trailers. They may or may not be the same trailers tested by the defendant's expert. Mr. Aseff resides in another state and cannot be reached by subpoena issuing from the Superior Court of Mecklenburg County.

It appears from the defendant's brief that the purpose of its taking of Mr. Aseff's deposition is to determine, for introduction in evidence at the third trial: (1) When Mr. Aseff conducted his tests, (2) how many and which trailers he tested, (3) the type of test used by him, (4) the "readings" obtained by such tests, and (5) the qualifications of Mr. Aseff to make such tests. The defendant does not seek so to obtain, and to introduce in evidence at the trial, any conclusion or opinion formed by Mr. Aseff. Its right to do so is not presently before us.

Clearly, the evidence which the defendant so seeks to obtain and use at the trial is relevant to the issue to be determined

by the jury. It may or may not relate to the same trailers tested by the defendant's expert. Whether it does or not, the "readings" obtained upon the tests made by Mr. Aseff are quite material in the determination of the critical question remaining for decision and are not merely cumulative evidence. These "readings" may or may not corroborate testimony to be given by other witnesses. They may support the defendant's contention that there was no breach of warranty or they may completely demolish the position taken by the defendant in this action. The fact that, at this time, the defendant does not know what will be the effect of the Aseff testimony upon its case does not determine the right of the defendant to take the deposition.

If, at the time the case is reached for the third trial, Mr. Aseff should be personally present in the courtroom, the defendant could call him to the stand as its witness, notwithstanding its then lack of knowledge as to what would be the nature of his testimony. Trial counsel do no normally take such risks with their client's cases, but this does not make the evidence incompetent. The competency of a specific question propounded to the witness in the taking of the deposition, with reference to a claim of privilege or other basis for objection, is to be determined by the trial court at the trial under the regular rules of evidence, applied as though the witness were then present and testifying. G.S. 1A-1, Rule 32(a). Apparently, the defendant assumes that, since the plaintiff did not call Mr. Aseff as its witness at the second trial, the "readings" obtained by him from his tests were not favorable to the plaintiff's contention. On this basis, the defendant has elected to take the risk of calling Mr. Aseff as a witness. This, nothing else appearing, the defendant has the right to do.

Nothing else appearing, Mr. Aseff being beyond the reach of a subpoena, the defendant may take his deposition for use at the trial. If it does so and the testimony proves disastrous to the defendant's contention, the plaintiff is free to introduce the deposition in evidence itself. G.S. 1A-1, Rule 32(a) provides:

"At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions.

\*   \*   \*

"(4) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: \* \* \* (ii) that the witness is at a greater distance than 100 miles from the place of trial \* \* \* or (iv) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (v) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used \* \* \* . "

In 23 Am. Jur. 2d, Depositions and Discovery, § 104, it said:

"It has been generally held, in the absence of express provision on the point by statute or court rule, that a deposition containing competent evidence and filed in the cause, but not introduced in evidence by the party at whose instance it was taken, may be introduced by the other party."

[2] The order of the Superior Court prohibiting the taking of the deposition of Mr. Aseff by the defendant effectively precludes the defendant from introducing evidence of the "readings" concerning the hardness of the metal obtained by the tests which Mr. Aseff made. Thus, the order affects a substantial right of the defendant and is appealable. G.S. 1-277(a) provides:

"An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference \* \* \* which affects a substantial right claimed in any action or proceeding."

It would be highly impractical to proceed with the third trial of this complex action and then let the defendant, if unsuccessful again before the jury, appeal for the reason that it was denied the right to offer evidence of the "readings" obtained by Mr. Aseff's testing of a now undetermined number of the trailers. The sensible thing to do is to determine this question before the parties, their witnesses and the trial court are put to the expense and time consuming effort of a third trial on the merits.

In *Carter Products, Inc. v. Eversharp, Inc.*, 360 F. 2d 868 (7th Circuit, 1966), the appellant moved for an order directing a discovery-deponent to answer specific questions, which the deponent, on advice of his counsel, had refused to answer. The district court denied the motion. The moving party appealed and the deponent moved to dismiss on the ground that the district court's order was not final. The Court of Appeals held that this order was final and appealable and reversed the district court's order. See also: *Celanese Corp. v. Duplan Corporation*, 502 F. 2d 188 (4th Circuit, 1974), where the appeal was determined on the merits.

G.S. 1A-1, Rule 30(a), formerly Rule 26(a), provides:

> *"When depositions may be taken.*—After commencement of the action, *any party* may take the testimony *of any person,* including a party, by deposition upon oral examination. Leave of court * * * must be obtained *only* if the plaintiff seeks to take a deposition prior to the expiration of 30 days after service of the summons and complaint upon any defendant. * * * . " (Emphasis added.)

This language is clear and unequivocal. The use of the deposition at trial is governed by Rule 32(a), quoted above in part. Whether a deposition may be used at trial pursuant to Rule 32(a)(4) will depend upon the circumstances at the time of the trial, but the right to take the deposition granted by Rule 30(a) is unqualified except for the provision of Rule 26(c) authorizing the trial court to issue "protective orders." That provision of the rule reads, in pertinent part, as follows:

> *"(c) Protective orders.*—Upon motion by a party or by the person from whom discovery is sought, *and for good cause shown,* the judge * * * may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (i) *that the discovery not be had;* * * * " (Emphasis added.)

[3] The authority of the trial judge to issue such protective order is not unqualified. The statute provides that such order may be issued only "for good cause shown" and that it may be issued only "to protect a party or person from unreasonable annoyance, embarrassment, oppression or undue burden or ex-

pense." No such basis for the order prohibiting the taking of the deposition of Mr. Aseff is shown in the record. Nothing whatever indicates that the taking of the deposition on the date specified in the notice therefor would have delayed the third trial of the action. On the contrary, the record indicates clearly that the parties contemplated that such third trial would be had at a special term to be arranged, that no special term had been arranged at the time the notice was served or when the order was entered or when the deposition was to be taken, and that it was not contemplated that such term would be requested for a time prior to the date proposed for the taking of the deposition.

The basis for the issuance of the order prohibiting the taking of the deposition of Mr. Aseff was that the court had previously entered an order fixing the time within which discovery must be completed and had rejected an application by the defendant for an extension of that time. This does not constitute "good cause" for the prohibition of the taking of the deposition, even if the purpose had been mere discovery, certainly not where, as here, the purpose is to obtain evidence for introduction at the trial. Rule 26(d) provides:

"(d) *Sequence and timing of discovery.*— * * * Any order or rule of court setting the time within which discovery must be completed *shall be* construed to fix the date after which the pendency of discovery will not be allowed to delay trial * * * *but shall not be construed to prevent any party from utilizing any procedures afforded under Rules 26 through 36, so long as trial * * * is not thereby delayed."* (Emphasis added.)

As above shown, the taking of the deposition of Mr. Aseff could not have delayed the third trial of this action. The delay therein has resulted, not from the proposed taking of the deposition, but from the entry of the order prohibiting the taking of the deposition and the resulting appellate procedures. Had the defendant been permitted to proceed with the taking of the deposition as permitted by Rule 30(a), the third trial could have been had no later than the Fall of 1975 and any appeal from a judgment entered pursuant thereto could have been determined by this time.

[4] Rule 26(b)(1) provides, "It is not ground for objection * * * that the examining party has knowledge of the information as to which discovery is sought." Thus, even if we

regard the taking of the deposition of Mr. Aseff as mere discovery, as distinguished from a procedure for obtaining evidence for use at the trial, it would be immaterial that the defendant had knowledge of the "readings" obtained by Mr. Aseff's tests of the trailers examined by him. However, nothing indicates that the defendant had such information and, on the contrary, the order of the court prohibiting the taking of the deposition makes it clear that the court issued the order because the defendant did not have such information and, therefore, in the opinion of the court, it was embarking upon a mere fishing expedition. As above noted, this was not the purpose of the defendant as shown in the record. The purpose of the deposition was to obtain evidence for use at the trial, not mere information for the guidance of counsel in preparation for trial.

In Shuford, North Carolina Civil Practice and Procedure, we find the following pertinent statements:

> "The fact that the examining party has knowledge of the matters as to which testimony is sought from the deponent is not a ground for objection. Although the Federal Rule does not contain specific language to this effect, as North Carolina Rule 26(b) does, the majority of Federal decisions reach this conclusion." § 26-7.

> "Rule 30(a) [formerly 26(a)] provides a broad right of discovery from *any* person by means of oral examination after the action has been commenced. *No leave of court is necessary* unless the plaintiff desires to take a deposition prior to the expiration of a 30 day period following service of the summons and complaint." (Second emphasis added.) § 30-3.1.

> "The court may order 'that the deposition not be taken.' This is obviously the most drastic prohibition against the liberal right of discovery and should be used sparingly. There must be a clear showing that such relief is required before the court will stay or prohibit a deposition." § 30-5.

In 23 Am. Jur. 2d, Depositions and Discovery, § 144, it is said:

> "It has been broadly stated that statutes or procedural rules relating to discovery procedures should be liberally construed in favor of disclosure in order to accomplish the various purposes of discovery, unless the request is

clearly improper by virtue of well-established causes for denial. Because of their remedial character, statutes or rules of procedure governing discovery proceedings should be liberally construed with a view to providing a more speedy and less expensive method than by proceedings in equity."

We find nothing in the record to indicate that the taking of the deposition of Mr. Aseff, pursuant to the notice served by the defendant, would have delayed the third trial of this action, would have caused the plaintiff or Mr. Aseff any unreasonable annoyance, embarrassment, oppression or undue burden or expense. Whether the evidence which the defendant seeks thereby to obtain would have been favorable or unfavorable to the defendant's position in the litigation is presently speculative, but it cannot be doubted that such information is highly material to the determination of the critical question to be resolved at the third trial of this action—the hardness of the metal used in the construction of the top rails of the trailers examined by Mr. Aseff. Consequently, we conclude that the order of the Superior Court prohibiting the taking of the deposition was improvidently issued and should be vacated.

Since we conclude that the statutory rules do not authorize the Superior Court to prohibit the taking of the deposition of Mr. Aseff, we do not reach the constitutional question propounded by the defendant's brief and discussed in our former opinion.

For the reasons stated above, the previous decision of this Court upon the present appeal is hereby withdrawn and the matter is remanded to the Court of Appeals with direction that it enter an order remanding the matter to the Superior Court of Mecklenburg County with direction to that court that it vacate its order prohibiting the defendant from taking the deposition of Mr. Aseff for use at the third trial of this action.

Reversed and remanded.

Justice BRANCH dissenting.

For the reasons stated in *Transportation, Inc. v. Strick Corp.*, 289 N.C. 587, 223 S.E. 2d 346, and in reliance upon the authorities cited therein, I respectfully dissent.

Justices HUSKINS and EXUM join in this dissent.