MERIWETHER W. HUDSON v. FITZGERALD S. HUDSON

No. 7614DC982

(Filed 21 September 1977)

**Rules of Civil Procedure § 26— discovery of corporation's records—limitation proper**

In an action to obtain alimony where plaintiff sought discovery of certain records relating to defendant's financial condition and business affairs as chairman of the board of directors of a named corporation, the trial judge properly determined that good cause had been shown and justice required that discovery of the corporation's records be limited; moreover, the trial court properly determined that a prior action between the parties in another county was *res judicata* and precluded plaintiff from discovery of matters within the scope of the pleadings of the prior action.

APPEAL by plaintiff from *Gantt, Judge*. Judgment entered 17 September 1976 in District Court, DURHAM County. Heard in the Court of Appeals 25 August 1977.

Civil action wherein plaintiff, Meriwether W. Hudson, filed a complaint seeking alimony from defendant, Fitzgerald S. Hudson, on the grounds of adultery, abandonment and failure to support. Defendant filed an answer denying the material allegations of the complaint, and alleging that a former similar action in Moore County involving the same parties in which a voluntary dismissal with prejudice was entered, settled the issues arising on the facts alleged by plaintiff and precluded the re-litigation of such issues.

On 20 August 1976 the judge of the district court entered an order allowing plaintiff's motion for discovery under Rule 34 of certain records relating to defendant's financial condition and business affairs as Chairman of the Board of Directors of Collier Cobb & Associates, Inc.

On 20 August 1976 Collier Cobb & Associates, Inc., filed a motion seeking a protective order pursuant to Rule 26(c) limiting plaintiff's discovery. In this motion Collier Cobb alleged that the order permitting discovery of defendant's activities as chairman of the board of Collier Cobb would irreparably damage its business by compelling disclosure of certain confidential records which would as

a result be available to any person, including competitors. Collier Cobb further alleged that the information requested pertaining to periods prior to 23 December 1975 had been in issue in an earlier action involving the same parties which was concluded by a voluntary dismissal with prejudice, and that therefore, the parties should be foreclosed from re-litigating such matters.

On 17 September 1976, after reciting ". . . that good cause has been shown and the interests of justice require that protection be afforded Collier Cobb & Associates, Inc. . . . ," the court concluded that the judgment of voluntary dismissal with prejudice entered in the prior action in Moore County was *res judicata* and precluded plaintiff from discovery of matters within the scope of the pleadings of the prior action. The court then vacated the order of 20 August 1976 and entered an order prohibiting discovery of certain records and limiting discovery of other records to the seven-week period between the dismissal of the prior action in Moore County and the institution of the present action. Plaintiff appealed from this order.

On 1 October 1976 plaintiff petitioned this Court for a Writ of Certiorari to have the matter heard on its merits in the event the appeal was found to be from an interlocutory order, not involving the denial of a substantial right. On 2 December 1976 defendant filed a motion to dismiss the plaintiff's appeal on grounds that the court's ruling on discovery was ". . . clearly interlocutory and does not involve a substantial right." When this matter was argued in this Court, counsel for defendant announced in open court that he was abandoning his motion to dismiss. This Court in conference on 25 August 1977 entered an order allowing plaintiff's petition for certiorari.

*Jordan, Wright, Nichols, Caffrey and Hill by William W. Jordan for plaintiff appellant.*

*Smith, Moore, Smith, Schell and Hunter by Robert A. Wicker for defendant appellee. Powe, Porter, Alphin and Whichard by E. K. Powe for Collier Cobb & Associates, Inc., appellee.*

HEDRICK, Judge.

It is a general rule that orders regarding matters of discovery are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of discretion. *Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975); *Harrington Mfg. Co., Inc. v. Powell Mfg. Co.*, 26 N.C. App. 414, 216 S.E. 2d 379, *cert. denied*, 288 N.C. 242, 217 S.E. 2d 679 (1975); *Fireman's Mut. Ins. Co. v. High*

*Point Sprinkler Co.*, 266 N.C. 134, 146 S.E. 2d 53 (1966). Justice Lake, speaking for the Supreme Court in *Tennessee-Carolina Transportation, Inc. v. Strick Corp.*, 291 N.C. 618, 626-7, 231 S.E. 2d 597, 602 (1977) *on rehearing from* 289 N.C. 587, 223 S.E. 2d 346 (1976), wrote:

> "The authority of the trial judge to issue . . . [a] protective order [under Rule 26(c)] is not unqualified. The statute provides that such order may be issued only 'for good cause shown' and that it may be issued only 'to protect a party or person from unreasonable annoyance, embarrassment, oppression or undue burden or expense.'"

In the present case Judge Gantt recited that ". . . good cause has been shown and the interests of justice require that protection be afforded Collier Cobb & Associates, Inc. . . . ." Unlike *Tennessee-Carolina Transportation, Inc.*, where Justice Lake found that there was "[n]o . . . basis [of good cause] for the order prohibiting . . . [discovery] shown in the record," the record before us demonstrates an adequate basis for the judge's order limiting discovery. Furthermore, we agree with the trial court's conclusion that the judgment of voluntary dismissal with prejudice of the prior action in Moore County involving the same parties ". . . foreclosed and estopped [the parties] from litigating all issuable matters contained in the pleadings of the Moore County action . . . ." *Young v. Young*, 21 N.C. App. 424, 204 S.E. 2d 711 (1974). The plaintiff has failed to show any abuse of discretion in the order dated 17 September 1976.

Affirmed.

Judges VAUGHN and CLARK concur.