DAVID H. RITTER v. BEVERLY J. KIMBALL

No. 8320DC189

(Filed 20 March 1984)

**Divorce and Alimony § 25; Rules of Civil Procedure § 26— child custody—discovery from Department of Social Services—validity of limitation**

    In a child custody case in which plaintiff sought leave to depose the county Department of Social Services, the trial court's limitation of plaintiff's discovery by denying plaintiff access to the names of, or identifying information regarding, persons making reports of child abuse and neglect was permissible under G.S. 1A-1, Rule 26(c) to protect such persons "from unreasonable annoyance, embarrassment, oppression, or undue burden," and the trial court did not abuse its discretion in directing the Department of Social Services to appear for a deposition and produce documents in its possession subject to such limitation.

APPEALS by plaintiff and by Moore County Department of Social Services, movant, from *Burris, Judge.* Order entered 4 November 1982 in District Court, MOORE County. Heard in the Court of Appeals 5 March 1984.

*J. Douglas Moretz, P.A., by Michael L. Stephenson and J. Douglas Moretz, for plaintiff.*

*Seawell, Robbins, May & Rich, by P. Wayne Robbins, for movant Moore County Department of Social Services.*

WHICHARD, Judge.

I.

Plaintiff sued his former wife for custody of their minor child. He sought leave to depose the Moore County Department of

Social Services (DSS) "regarding matters concerning the care, custody, maintenance and tuition and alleged allegations of neglect of the . . . child." A subpoena was issued directing DSS to appear for a deposition and to produce any documents in its possession containing information regarding the child and his parents.

Pursuant to G.S. 1A-1, Rule 26(c), DSS moved for a protective order "on the ground that said deposition would require [it] to d[i]vulge certain writings from its juvenile files which it believe[d] to be privileged communications." The court heard arguments of counsel, made findings of fact regarding the motion and subpoena, and entered the following pertinent conclusions of law:

1. That there exists no compelling reasons [sic] to disclose the names of parties making reports of abuse and neglect to [DSS] and that there is an overriding interest on the part of [DSS] to protect against such revelation.

2. That under G.S. 7A-544, all information concerning reports of neglect and abuse received by [DSS] shall be held in "strictest confidence" by [DSS].

3. That requiring [DSS] to disclose parties making initial abuse and neglect reports would have a chilling [e]ffect upon the duty of any person or institution to report suspected child abuse or neglect cases.

. . .

5. That the mere inconvenience of [plaintiff] in having to seek an alternative method of obtaining the requested information should not override the overall philosophy of the Juvenile Code to keep juvenile records confidential.

6. That the file has been reviewed by this Court in chambers and this Court has exorcised [sic] the references to the party making the reports and the name of the reporter from the record. That said information withheld from the plaintiff to this action is not of overriding relevancy to the suit in question and same is not otherwise readily available to the plaintiff through the use of other means.

7. That the Court has deleted said names of the reporting parties from the summary given to the Court and that

> the balance of said reports supplied to the Court by [DSS] will not be subject to the protective order.

It thereupon ordered that DSS "make available to the plaintiff's attorney . . . a copy of said revised Court summary deleting the names of the reporter of abuse or neglect and such information surrounding the report which may lead to the identity of said reporter."

Plaintiff appeals from the limitations on discovery. DSS appeals from the allowance of discovery.

## II.

G.S. 1A-1, Rule 26(c) provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the judge . . . may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (i) that the discovery not be had; . . . (iv) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters . . . .

An "order under Rule 26(c) is discretionary and is reviewable only for abuse of that discretion." *Booker v. Everhart*, 33 N.C. App. 1, 9, 234 S.E. 2d 46, 53 (1977), *rev'd on other grounds*, 294 N.C. 146, 240 S.E. 2d 360 (1978).

The court grounded limitation of plaintiff's discovery on the requirement that information received by DSS concerning reports of child abuse and neglect "shall be held in strictest confidence." G.S. 7A-544. It perceived that "requiring [DSS] to disclose parties making initial abuse and neglect reports would have a chilling [e]ffect upon the duty of any person or institution to report suspected child abuse or neglect cases." The statutory provision, and the court's proper perception of its purpose, *viz*, to encourage reporting of abuse and neglect, provided ample basis for an exercise of judicial discretion to deny plaintiff access to names of, or identifying information regarding, persons making such reports. The limitation of discovery was designed to protect such persons "from unreasonable annoyance, embarrassment, oppression, or undue burden." G.S. 1A-1, Rule 26(c). Such limitation was

permissible under the rule, and we find no abuse of discretion therein.

### III.

G.S. 1A-1, Rule 26(c) further provides: "If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery." "It is a general rule that orders regarding matters of discovery are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of discretion." *Hudson v. Hudson*, 34 N.C. App. 144, 145, 237 S.E. 2d 479, 480, *disc. rev. denied*, 293 N.C. 589, 239 S.E. 2d 264 (1977).

The materials subjected to discovery are not in the record, and thus are not before us for review. The limitations on discovery appear adequate to address the policy concerns which DSS urges as the basis for a finding of abuse of discretion. G.S. 1A-1, Rule 26(c) clearly grants discretion to permit discovery when the court fully or partially denies a motion for a protective order, and neither the record nor the briefs contain any basis for finding an abuse in the exercise of that discretion to permit the limited discovery provided for here. We thus find no abuse of discretion in the allowance of discovery.

### IV.

Because the record reveals no abuse of discretion in either the limitation or the allowance of discovery, the order is

Affirmed.

Chief Judge VAUGHN and Judge PHILLIPS concur.