An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-729

Filed 20 August 2025

Forsyth County, No. 22CVD002639-330

JOHN M. STEPHENS, Plaintiff,

v.

MELISSA K. COAKLEY, Defendant.

Appeal by Plaintiff from Orders entered 18 January 2024 by Judge Jeanie R. Houston in Forsyth County District Court. Heard in the Court of Appeals 20 March 2025.

*Robinson and Lawing, LLP, by L. Bruce Scott, for Plaintiff-Appellant.*

*J. Clark Fischer for Defendant-Appellee.*

HAMPSON, Judge.

**Factual and Procedural Background**

John M. Stephens (Plaintiff) appeals from a Temporary Custody Order and from Orders denying his Motions to Compel Discovery and for Mistrial. The Record before us tends to reflect the following:

Plaintiff and Melissa K. Coakley (Defendant) married on 26 May 2020 and separated on 1 June 2022. Plaintiff and Defendant share a child together, born on 13 February 2022.

On 6 June 2022, Plaintiff filed a Complaint alleging claims for child custody and equitable distribution. On 16 June 2022, the parties entered into a consent agreement for temporary custody. Plaintiff filed an Amended Complaint on 12 July 2022, alleging an additional claim for attorney fees. Defendant filed an Answer on 14 September 2022, and alleged counterclaims for child custody, equitable distribution, and attorney fees.

Hearings on the Complaint were held beginning in October 2022. Throughout the hearings, Plaintiff objected to much of defense counsel's questioning of witnesses and other conduct.[1] Defendant closed her evidence on 10 April 2023. Plaintiff's rebuttal began on 3 July 2023.[2]

On 5 July 2023, Plaintiff's counsel informed the trial court that one of its witnesses had received a threatening letter which allegedly intended to dissuade the witness from testifying against Defendant. Plaintiff's counsel requested the trial court order the forensic imaging of the parties' phones to determine whether either

---

[1] For example, in his briefing to this Court, Plaintiff states defense counsel "waged a campaign of insults and insinuations, making improper arguments, asking leading and argumentative questions, mocking witnesses and opposing counsel, arguing his personal opinions as to the credibility of witnesses, mischaracterizing evidence, misleading the court and witnesses, making improper political and religious arguments, and having angry outbursts."

[2] In the period between the close of Defendant's evidence and Plaintiff's rebuttal, Plaintiff's counsel withdrew and Plaintiff engaged his current counsel.

of the parties was responsible for the letter.  On 6 July 2023, the parties submitted their phones to an agreed upon private investigator.  On 11 August 2023, the trial court entered a Device Protocol Order governing the use of the information retrieved from the parties' phones.

The results of the forensic imaging were inconclusive.  Plaintiff then sought additional tracking and geolocation data from the parties' phones.  On 20 September 2023, Plaintiff served a Request for Inspection on Defendant, requesting Defendant submit "her login credentials to each and every Google Account in her name or used by her for the period June 29, 2023 through July 4, 2023" to the investigator.  When Defendant did not respond to Plaintiff's requests, Plaintiff filed a Motion to Compel the information.  The trial court denied the Motion.

On 21 November 2023, Plaintiff moved for a mistrial, arguing Defendant's refusal to produce the geolocation data and the trial court's denial of his Motion to Compel was prejudicial to his case.  Plaintiff further argued defense counsel's behavior also warranted a mistrial.  The trial court denied this Motion.  In its Order denying Plaintiff's Motion for Mistrial, the trial court noted it "was not influenced by Defendant's counsel's . . . comments or semantics" and did not "find any incident wherein the Defendant's attorney . . . said or made comments that were unprofessional and/or derogatory toward Plaintiff's counsel."

On 18 January 2024, the trial court entered a Temporary Custody Order. Plaintiff and Defendant were granted joint legal custody of the minor child.

Defendant was awarded physical custody of the minor child and Plaintiff was granted visitation.

Plaintiff filed Notice of Appeal from the Orders denying his Motion to Compel and Motion for Mistrial on 22 November 2023.[3] Plaintiff filed an Amended Notice of Appeal from the Temporary Custody Order on 29 January 2024.

**<u>Appellate Jurisdiction</u>**

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Embler v. Embler*, 143 N.C. App. 162, 164, 545 S.E.2d 259, 261 (2001) (quoting *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). A party may appeal an interlocutory order if either: (1) "the trial court enters a final judgment as to one or more but fewer than all of the claims or parties" and certifies there is no just reason to delay appeal under N.C. Gen. Stat. § 1A-1, Rule 54(b) or (2) "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (citations and quotation marks omitted).

"A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *McConnell v.*

---

[3] The trial court orally denied Plaintiff's Motions on 21 November 2023; the trial court's corresponding written orders were not entered until 18 January 2024.

*McConnell*, 151 N.C. App. 622, 625, 566 S.E.2d 801, 804 (2002) (citation and quotation marks omitted). "[T]he appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 253 (citations and quotation marks omitted).

Here, Plaintiff appeals from a (I) Temporary Custody Order, (II) Order denying his Motion to Compel Discovery, and (III) Order denying his Motion for Mistrial. Plaintiff concedes all three Orders are interlocutory but argues the Orders are immediately appealable because the effect of the Orders is to deny him of his due process right to a fair trial. We address each Order in turn.

I.   Temporary Custody Order

"A temporary child custody order is interlocutory and 'does not affect any substantial right . . . which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits.'" *Berkman v. Berkman*, 106 N.C. App. 701, 702, 417 S.E.2d 831, 832 (1992) (alteration in original) (quoting *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807 (1986)). Plaintiff argues the Temporary Custody Order impacts a substantial right which would be lost absent immediate appeal—his right to a fair trial.[4] We disagree.

---

[4] We note that although "[a] trial court's designation of an order as 'temporary' or 'permanent' is neither dispositive nor binding on an appellate court[,]" Plaintiff does not argue the Order is permanent. *See Woodring v. Woodring*, 227 N.C. App. 638, 643, 745 S.E.2d 13, 18 (2013) (citation

Plaintiff contends several of the Findings of Fact in the trial court's Temporary Custody Order are unsupported by the evidence and argues this is so because the trial court was "improperly influenced" by defense counsel's alleged misconduct. Specifically, Plaintiff contends Findings 7 and 8 are unsupported by the evidence. These Findings indicate Plaintiff "drank alcohol to excess" and was a "frequent and regular" user of marijuana during his relationship with Defendant and continuing after the birth of their child.

Much of Defendant's testimony during the hearings discussed Plaintiff's drinking and smoking habits. Defendant testified that prior to their child's birth, Plaintiff drank "[t]o the point of intoxication and passing out . . . [a]t least three times a week." Although Plaintiff drank less during Defendant's pregnancy, he "started drinking again" shortly before the child's birth. Defendant testified that three weeks after the baby was born, Plaintiff was still "drinking and getting high." This evidence is competent to support the trial court's Findings. *See Peters v. Pennington*, 210 N.C.

---

omitted). Moreover, Plaintiff does not argue that N.C. Gen. Stat. § 50-19.1—which creates a right to appeal a final custody order even where the appeal is interlocutory because there are undecided claims remaining—gives him a right to appeal the Temporary Custody Order. *See* N.C. Gen. Stat. § 50-19.1 (2023) ("Notwithstanding any other pending claims filed in the same action, a party may appeal from an order or judgment adjudicating a claim for . . . child custody . . . if the order or judgment would otherwise be a final order or judgment within the meaning of G.S. 1A-1, Rule 54(b), but for the other pending claims in the same action.").

"It is not the duty of this Court to construct arguments for or find support for [the] appellant's right to appeal from an interlocutory order[.]" *Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254 (citations omitted). Further, even if Plaintiff had raised Section 50-19.1 as giving him a right to appeal the Temporary Custody Order, the argument would be meritless because Section 50-19.1 provides a right of appeal only where the custody order—in contrast to the Temporary Custody Order at bar—is final. *See id.*

App. 1, 13, 707 S.E.2d 724, 733 (2011) ("In a child custody case, the trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings." (citation omitted)).

Thus, Plaintiff has produced no evidence showing the trial court's judgment was affected, outside of a bare assertion to that effect. *See Hoke Cnty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d. 512, 516 (2009) ("The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right. Where the appellant fails to carry the burden of making such a showing to the Court, the appeal will be dismissed." (emphasis in original) (alteration and citations omitted)). Even if we were to assume the trial court made unsupported Findings of Fact as a result of defense counsel's alleged misconduct, Plaintiff has not identified how this affects his due process rights or why his appeal is necessary prior to a final determination on the merits. *See Jeffreys*, 115 N.C. App. at 379, 444 S.E.2d at 253. As such, we are not persuaded Plaintiff was prejudiced by defense counsel's statements or behavior.

Plaintiff further contends the Temporary Custody Order "fails to resolve the disputed material issues relating to and bearing on the well-being of the minor child." Indeed, this argument serves only to underscore why Plaintiff's appeal is better suited for appeal from the trial court's ultimate disposition of the entire controversy on the merits. Thus, Plaintiff has not shown the Temporary Custody Order at bar impacts any substantial right which would be lost absent immediate appeal. *See id.*

Therefore, this Court lacks jurisdiction over Plaintiff's appeal from the Temporary Custody Order.

II.    Order Denying Motion to Compel

"Discovery orders are 'generally not immediately appealable because [they are] interlocutory and do[ ] not affect a substantial right that would be lost if the ruling were not reviewed before final judgment.' " *Stokes v. Crumpton*, 369 N.C. 713, 719, 800 S.E.2d 41, 45 (2017) (alterations in original) (quoting *Sharpe v. Worland*, 351 N.C. 159, 163, 522 S.E.2d 577, 579 (1999)). "Such orders, however, are immediately appealable when the desired discovery would not have delayed trial or have caused the opposing party any unreasonable annoyance, embarrassment, oppression or undue burden or expense, and if the information desired is *highly material to a determination of the critical question* to be resolved in the case." *Id.* (emphasis in original) (citation and quotation marks omitted).

Plaintiff argues the denial of his Motion to Compel affects his due process right to a fair trial because the information he seeks to compel "goes to both the character and the credibility of Defendant, and therefore to [Defendant's] fitness as a parent to the minor child."

Plaintiff cites two cases where our Supreme Court held the appellants should have been allowed to conduct their requested discovery. These cases serve only to undermine Plaintiff's position. In *Tennessee-Carolina Transportation, Inc. v. Strick Corp.*, the defendant sought to take the deposition of the plaintiff's expert witness

who could not be reached by subpoena. 291 N.C. 618, 623, 231 S.E.2d 597, 600 (1977). The defendant desired information relating to the kind of testing the expert had conducted and the expert's qualifications to execute such tests. *Id.* Our Supreme Court held the defendant should have been allowed to depose the expert as the information was highly material to the issue in that case: a dispute over an alleged breach of warranty. *Id.* at 623-24, 231 S.E.2d at 600. Likewise, in *Stokes*, our Supreme Court held the plaintiff should have been allowed to engage in discovery related to his motion to vacate an arbitration award predicated on an allegation of fraud. *Stokes*, 369 N.C. at 715, 800 S.E.2d at 43. The plaintiff sought information about the alleged fraud, and thus the discovery was highly material to determination of the crucial issue in his motion to vacate. *Id.* at 720, 800 S.E.2d at 46.

Here, by contrast, the geolocation data sought by Plaintiff is not "highly material" to the custody proceedings; nor is Defendant's credibility critical to how the parties should split custody. *See id.* at 719, 800 S.E.2d at 45. Moreover, even assuming Plaintiff is correct that the information he seeks goes to Defendant's credibility, there was ample other evidence—spanning over a year of hearings—from which the trial court could make determinations as to Defendant's character and credibility. Thus, Plaintiff has not shown the denial of his Motion to Compel affects a substantial right. *See id.* Therefore, we are without jurisdiction to review the Order denying Plaintiff's Motion to Compel.

III.    Order Denying Motion for Mistrial

Lastly, Plaintiff's appeal from the Order denying his Motion for Mistrial must also be dismissed as interlocutory. *See Embler*, 143 N.C. App. at 164, 545 S.E.2d at 261. Plaintiff argues the trial court erred by "allowing Defendant's counsel's rampant misconduct to go unchecked[.]" This alleged misconduct includes "insulting" Plaintiff's counsel and making "biblical references" before the trial court. Plaintiff contends defense counsel's alleged misconduct warrants a new trial and thus the trial court erred in denying his Motion for Mistrial.

Citing *State v. Sanderson*, 336 N.C. 1, 442 S.E.2d 33 (1994), Plaintiff argues "the proceeding was thoroughly tainted and Plaintiff was unfairly prejudiced" by defense counsel's "improper conduct." *Sanderson* was concerned with a prosecutor's inappropriate behavior in front of a jury during a capital murder trial. *See id.* The underlying proceedings at bar—child custody hearings, as opposed to a capital murder trial—were conducted before the trial court, and it is well-established that "in a bench trial, we presume the trial court ignored any inadmissible evidence unless the defendant can show otherwise." *State v. Jones*, 260 N.C. App. 104, 109, 816 S.E.2d 921, 925 (2018) (citing *State v. Jones*, 248 N.C. App. 418, 424, 789 S.E.2d 651, 656 (2016)); *see also State v. Harris*, 27 N.C. App. 385, 386-87, 219 S.E.2d 306, 307 (1975) (" 'Unless the contrary is made to appear, it will be presumed that judicial acts and duties have been duly and regularly performed.' " (quoting *State v. Stafford*, 274 N.C. 519, 528, 164 S.E.2d 371, 377 (1968))). Indeed, the trial court indicated it was not influenced by defense counsel's "comments or semantics."

Likewise, the other caselaw cited by Plaintiff for his argument that defense counsel's conduct was prejudicial is also concerned with counsel's conduct before a jury. *See State v. Rivera*, 350 N.C. 285, 290-91, 514 S.E.2d 720, 723 (1999) (admonishing trial courts to "take seriously their duty to insure that the mandates of Rule 12 are strictly complied with in all cases" where the prosecutor "made improper comments that amounted to a personal characterization of defense counsel" but ultimately not imposing sanctions and acknowledging counsel's behavior was "not determinative" on the disposition of the case); *Corwin v. Dickey*, 91 N.C. App. 725, 729, 373 S.E.2d 149, 151 (1988) (defense counsel's closing remarks before jury were "in no way supported by the evidence" and "made for the sole purpose of prejudicing the jury's decision"); *State v. Barden*, 356 N.C. 316, 358, 572 S.E.2d 108, 135 (2002) (noting the Supreme Court of North Carolina "has found biblical arguments to fall within permissible margins more often than not" and concluding prosecutor's remarks were not grossly improper (citation omitted)).

Because we presume the trial court did not consider any inadmissible evidence, the trial court stated it was not affected by defense counsel's alleged misconduct, and Plaintiff has not shown otherwise, Plaintiff cannot show the trial court abused its discretion in denying his Motion for Mistrial. *See State v. Dye*, 207 N.C. App. 473, 482, 700 S.E.2d 135, 140 (2010) ("Our standard of review when examining a trial court's denial of a motion for mistrial is abuse of discretion." (citation and quotation marks omitted)). As such, Plaintiff has not met his burden of demonstrating the

Order affects a substantial right. *See Hoke Cnty. Bd. of Educ.*, 198 N.C. App. at 277-78, 679 S.E.2d. at 516.

Thus, Plaintiff has failed to demonstrate any substantial right would be lost absent immediate appeal. Therefore, we are without jurisdiction to review this matter.[5] Consequently, we must dismiss Plaintiff's appeal.

## **Conclusion**

Accordingly, for the foregoing reasons, we dismiss the appeal for lack of appellate jurisdiction.


DISMISSED.

Judges GORE and MURRY concur.

Report per Rule 30(e).

---

[5] Because this Court lacks jurisdiction over the appeal, we do not address Plaintiff's arguments that the trial court erred by conducting hearings after Plaintiff filed his Notice of Appeal from the trial court's orders orally rendered on 21 November 2023.