PELOQUIN ASSOCIATES, P.A., A NORTH CAROLINA CORPORATION v. JOSEPH AND ALFRIEDE POLCARO

No. 8215SC328

(Filed 15 March 1983)

**Appeal and Error § 6.2— interlocutory order staying arbitration—no right of immediate appeal**

Plaintiff had no right under G.S. 1-567.18(a)(2) to appeal an interlocutory order staying arbitration in this case pending a determination by the court of an issue raised by defendants as to whether plaintiff procured the contract between the parties by fraud and misrepresentation. G.S. 1-277(a); G.S. 1-567.3(b).

APPEAL by plaintiff from *Battle, Judge.* Judgment entered 5 November 1981 in Superior Court, ORANGE County. Heard in the Court of Appeals 11 February 1983.

*Cooper, Williams & Bryan, by Robert E. Cooper, for plaintiff appellant.*

*Haywood, Denny & Miller, by James H. Johnson, III and Stewart W. Fisher, for defendant appellees.*

BECTON, Judge.

I

This controversy involves a claim by plaintiff, a North Carolina professional association, for fees for architectural and professional services, due under a contract entered into between plaintiff and defendants. That contract contained extensive and specific provisions for arbitration in the event of a dispute between the parties. Pursuant to the arbitration remedy provision plaintiff applied to the American Arbitration Association for resolution of its claims. Plaintiff later filed a claim of lien against the property on which the architectural and professional design services were allegedly performed and brought this action in the Orange County Superior Court to enforce the lien pursuant to N.C. Gen. Stat. § 44A-13 (1981). Defendants first filed a motion to stay the arbitration, relying on N.C. Gen. Stat. § 1-567.3(b) (1981), and later filed an Answer and Counterclaim alleging, among other things, that plaintiff procured the execution of the contract by fraud and misrepresentation.

The matter came on for hearing before the Honorable F. Gordon Battle, Superior Court, Orange County. He entered an order, the pertinent portion of which provides:

> Now, THEREFORE, and pursuant to the provisions of G.S. § 1-567.3(b) it is hereby ordered that the arbitration proceeding as commenced by Plaintiff against Defendants in the Office of the American Arbitration Association be and the same as [sic] hereby in all respects stayed, enjoined, and restrained pending determination by the Court of the fraud issue as raised in Defendants' Answer, *with the Court expressly reserving the right to make a final determination of the Motion of Defendants for stay of arbitration after such determination.* [Emphasis added.]

Plaintiff objected and gave notice of appeal to this Court.

## II

Plaintiff argues that N.C. Gen. Stat. § 1-567.18(a)(2) (1981) guarantees its right to appeal the order granting the application to stay arbitration in this case. However, the right to appeal from an order staying arbitration has no greater latitude than the right to appeal from any other civil judgment or order. G.S. § 1-567.18(b). We thus turn to the rules governing appeals from judicial orders. N.C. Gen. Stat. § 1-277(a) (1981) provides:

> An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

The Order in the instant case comports with none of those requirements. By its own terms the Order is not a final determination of the merits of defendants' motion. Further, neither party's substantial rights were prejudiced by the judge's order since, in this case, if the contract itself is found free of fraud, then the merits of the Motion can at that point be determined. If the contract is rendered a nullity because of fraud in the inducement, the

---

---

arbitration provisions fall as well, and the question raised here would be rendered moot.

We therefore find this appeal interlocutory and subject to dismissal.

Dismissed.

Judges WEBB and PHILLIPS concur.