THE BLUFFS, INC. v. PAUL V. WYSOCKI, T/A WYSCO CONTRACTORS

No. 838SC714

(Filed 1 May 1984)

**Appeal and Error § 6.2; Arbitration and Award § 2— order compelling parties to arbitrate interlocutory**

> An order compelling the parties to arbitrate is an interlocutory order and does not affect a substantial right and does not work an injury to the appellant if not corrected before an appeal from a final judgment. G.S. 1-277(a) and G.S. 7A-27(d). Nor does G.S. 1-567.18(a) provide a right to appeal from an order compelling arbitration. G.S. 1-567.3(a), G.S. 1-567.12, G.S. 1-567.13, G.S. 1-567.14, G.S. 1-567.15, G.S. 1-567.18(a)(3) -(6) and G.S. 1-567.20.

APPEAL by plaintiff from *Bruce, Judge.* Order entered 18 February 1983 in Superior Court, WAYNE County. Heard in the Court of Appeals 12 April 1984.

Plaintiff instituted this declaratory judgment action seeking to have the court construe an agreement between the parties and to restrain defendant from seeking arbitration of their dispute. Defendant filed an answer and counterclaim, and subsequently filed a motion to stay court proceedings and to compel arbitration, among other motions. Following a hearing on the motion, the court allowed defendant's motion to compel arbitration and ordered the parties to proceed with arbitration. Plaintiff appeals from the order compelling arbitration. An order staying arbitration pending this appeal was subsequently entered.

*Freeman, Edwards and Vinson, by George K. Freeman, Jr., for plaintiff appellant.*

*Kenneth M. Kirkman, and Griffin, Cochrane & Marshall, by Luther P. Cochrane and Lee C. Davis, for defendant appellee.*

HILL, Judge.

The threshold issue is whether there is a right of appeal from an order compelling arbitration. For the following reasons, we hold there is not.

G.S. 1-567.3(a) provides that upon application of a party showing a written arbitration agreement, and the opposing party's refusal to arbitrate, the trial court shall order the parties to

proceed with arbitration. If the opposing party denies the existence of an agreement to arbitrate, the court must summarily decide the issue of the existence of an agreement to arbitrate, and it must order arbitration if it finds the existence of an agreement to arbitrate.

Pursuant to G.S. 1-567.18(a), appeals may be taken from:

(1) An order denying an application to compel arbitration made under G.S. 1-567.3;

(2) An order granting an application to stay arbitration made under G.S. 1-567.3(b);

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of this Article.

Noticeably absent from this list is an appeal from an order granting an application to compel arbitration.

An order compelling the parties to arbitrate is an interlocutory order. We do not believe it affects a substantial right and works an injury to the appellant if not corrected before an appeal from a final judgment. It is not appealable under G.S. 1-277(a) or G.S. 7A-27(d). See *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979). Following the conclusion of arbitration, a party may apply to the court for an order either confirming, vacating, modifying or correcting an arbitration award pursuant to G.S. 1-567.12, 1-567.13 or 1-567.14. Upon the entry of such an order, the trial court must enter a judgment or decree in conformity with such order. G.S. 1-567.15. A dissatisfied party then, pursuant to G.S. 1-567.18(a)(3) -(6), has a right of appeal from the trial court's order or judgment. The parties thus have access to the courts. Moreover, the parties may present their defenses and contentions, including waiver, accord and satisfaction or compromise and settlement, novation, or duress, at the arbitration proceedings.

Other states which have enacted the Uniform Arbitration Act hold that there is no right of appeal from an order compelling arbitration. *Hodes v. Comprehensive Health Associates,* 670 P. 2d 76 (Kan. Ct. App. 1983). See *Roeder v. Huish,* 105 Ariz. 508, 467 P. 2d 902 (1970); *Maietta v. Greenfield,* 267 Md. 287, 297 A. 2d 244 (1972); *Harris v. Insurance Co.,* 283 So. 2d 147 (Fla. Dist. Ct. App. 1973); *Clark County v. Empire Electric, Inc.,* 96 Nev. 18, 604 P. 2d 352 (1980); *see cf. School Committee of Agawam v. Agawam Education Association,* 371 Mass. 845, 359 N.E. 2d 956 (1977); *Miyoi v. Gold Bond Stamp Co. Employees Retirement Trust,* 293 Minn. 376, 196 N.W. 2d 309 (1972) (cases involving refusal to stay arbitration). In *Clark County, supra,* the Nevada Supreme Court stated a party could preserve the issue of the opponent's waiver of the right to arbitrate for appellate review by objecting to the trial court's confirmation of the award. *Accord, Maietta v. Greenfield, supra.* The Nevada statutes relating to confirmation, vacation, or modification of the award are identical to G.S. 1-567.12, .13, and .14. The appeal provisions are also virtually identical to G.S. 1-567.18.

G.S. 1-567.20 provides that Article 45A, the Uniform Arbitration Act, is to be construed toward the end of making the law of all of the states enacting the Act uniform. In accordance with the purpose stated by G.S. 1-567.20, we hold that there is no immediate right of appeal from an order compelling arbitration. Plaintiff may raise the issue of waiver at arbitration and preserve the issue of waiver for appellate review by objecting to the confirmation of the award, if any.

The appeal is

Dismissed.

Judges WEBB and WHICHARD concur.