LEE COUNTY BOARD OF EDUCATION v. ADAMS ELECTRICAL, INC. AND
AMERICAN ARBITRATION ASSOCIATION

No. 9111SC513

(Filed 21 April 1992)

**Appeal and Error § 124 (NCI4th)— preliminary injunction prohibiting arbitration—nonappealable order**

The trial court's preliminary order enjoining arbitration is a nonappealable interlocutory order where the trial court has not yet summarily determined the issue of whether the parties have entered into an enforceable contract providing for arbitration. N.C.G.S. § 1-567.3(b).

**Am Jur 2d, Appeal and Error § 864; Arbitration and Award § 83.**

APPEAL by defendant Adams Electrical, Inc., from order entered 6 February 1991 in LEE County Superior Court by *Judge Knox Jenkins*. Heard in the Court of Appeals 17 March 1992.

*Love & Wicker, P.A., by Jimmy L. Love, for plaintiff-appellee.*

*Tanner & Rogel, P.A., by LeAnn M. Tanner, for defendant-appellant Adams Electrical, Inc.*

GREENE, Judge.

Defendant appeals from an order entered 6 February 1991 granting the plaintiff's motion for a preliminary injunction.

In late 1987, the Lee County Board of Education (plaintiff) decided to begin the third phase of its school construction program which included construction of the Greenwood Elementary School (project) in Lemon Springs, North Carolina. After the plaintiff's architect had completed the required plans and specifications, contractors were invited to submit bids on separate aspects of the project. William Johnson (Johnson), superintendent for the Lee

County Schools, disseminated the "Invitations to Bid." Adams Electrical, Inc. (defendant) submitted the lowest bid for the electrical work for the project, and on 12 December 1988, the plaintiff voted to accept the defendant's bid, and Johnson signed the contract for the electrical work. At the board meeting, Johnson was directed to send three signed copies of the contract to the defendant, and the next day, he did. Jeff Adams, president of the defendant, then signed the three copies of the contract.

Under the terms of the parties' contract, the initial completion date for the defendant's work was 15 April 1990. The plaintiff issued a change order to the contract which extended the completion date to 5 July 1990. According to the defendant, however, it was unable to complete its work until 17 October 1990 because of delays attributable to the plaintiff, and because of these delays, the defendant incurred additional costs in completing its work. The defendant submitted claims for these additional costs. The plaintiff's architect responded to the defendant's claims on 27 August 1990 by informing the defendant that the plaintiff's attorney would contact the defendant's attorney to schedule a meeting for the parties. On or about 1 October 1990, the defendant filed a Demand for Arbitration under the terms of the contract. On 7 November 1990, the plaintiff filed a complaint for declaratory judgment, a motion to stay arbitration, and a motion for a preliminary injunction. According to the plaintiff, the parties' contract is invalid because Johnson was not a member of the plaintiff nor did he have the authority to contract for the plaintiff. The trial court entered a temporary restraining order prohibiting the defendant, among other things, from arbitrating its claim. This order was continued in effect until the 28 January 1991 Civil Session of the Superior Court of Lee County at which time the trial court heard arguments on the plaintiff's motion for a preliminary injunction. On 6 February 1991, the trial court granted the plaintiff's motion enjoining the defendant from arbitrating its claim until its further orders. The trial court, however, did not determine the validity of the contract.

---

The dispositive issue is whether the trial court's order is a non-appealable interlocutory order.

In this case, as in *Peloquin Assocs. v. Polcaro*, 61 N.C. App. 345, 346, 300 S.E.2d 477, 477-78 (1983), a party has attempted to appeal a preliminary order enjoining arbitration prior to a deter-

mination of whether the parties have entered into an enforceable contract providing for arbitration of disputes. North Carolina Gen. Stat. § 1-567.3(b) (1983) provides the following:

> On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

Accordingly, if the trial court summarily determines that the parties entered into an enforceable contract which provides for arbitration, the trial court "shall order the parties to proceed to arbitration." *Id.* There is no immediate right of appellate review of such interlocutory orders. *Bluffs, Inc. v. Wysocki*, 68 N.C. App. 284, 285-86, 314 S.E.2d 291, 293 (1984); *cf. Routh v. Snap-On Tools Corp.*, 101 N.C. App. 703, 706, 400 S.E.2d 755, 757 (1991) (trial court required under N.C.G.S. § 1-567.3(a) (1983) to summarily determine whether valid arbitration agreement exists). If, however, the trial court summarily determines that the parties did not enter into such a contract, the trial court shall grant the moving party's application to stay arbitration, N.C.G.S. § 1-567.3(b), and pursuant to N.C.G.S. § 1-567.18(a)(2) (1983), the opposing party may be allowed to appeal the order. *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 414 S.E.2d 30 (1992) (appeal of order staying arbitration on ground that contract did not contain agreement to arbitrate); *Peloquin*, 61 N.C. App. at 346, 300 S.E.2d at 477 (appeals of orders staying arbitration subject to N.C.G.S. § 1-277(a) (1983) and N.C.G.S. § 7A-27(d) (1989) ).

In this case, however, because the trial court has not yet summarily determined the issue of whether the parties have entered into an enforceable contract providing for arbitration, the trial court's order enjoining arbitration is not appealable. *A.E.P. Indus. v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983) (appeals of preliminary injunctions subject to N.C.G.S. §§ 1-277 and 7A-27). As in *Peloquin*, this order is not a final determination of the merits of the plaintiff's motion to stay arbitration. *Id.* at 346, 300 S.E.2d at 478. This order only maintains the status quo pending a determination of whether the parties have entered into a contract providing for arbitration of their disputes. It does not determine the

action, N.C.G.S. § 1-277(a); N.C.G.S. § 7A-27(d)(2), it does not discontinue the action, N.C.G.S. § 1-277(a); N.C.G.S. § 7A-27(d)(3), and it does not grant or refuse a new trial. N.C.G.S. § 1-277(a); N.C.G.S. § 7A-27(d)(4). Furthermore, the order does not prejudice a substantial right. N.C.G.S. § 1-277(a); N.C.G.S. § 7A-27(d)(1); *Peloquin*, 61 N.C. App. at 346, 300 S.E.2d at 478; *see J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 5-6, 362 S.E.2d 812, 815 (1987). Because the order from which the defendant appeals is a non-appealable interlocutory order, the defendant's appeal is

Dismissed.

Judges JOHNSON and COZORT concur.