GARY HARRISON LAWS AND TERESA LEE LAWS v. HORIZON HOUSING, INC., D/B/A CHOICENTER; BRIGADIER HOMES OF NORTH CAROLINA, INC.; AND GREEN TREE FINANCIAL SERVICING CORPORATION AND BRIGADIER HOMES OF NORTH CAROLINA, INC., v. CANA INCORPORATED; GEORGIA-PACIFIC; AND WEYERHAEUSER COMPANY

No. COA99-723

(Filed 2 May 2000)

**Appeal and Error— appealability—interlocutory order—order compelling arbitration—certification erroneous**

The trial court's attempt to grant Rule 54(b) certification based on an order compelling arbitration fails because: (1) N.C.G.S. § 1-567.18 does not provide for an immediate appeal from an order compelling arbitration; and (2) the Court of Appeals has expressly held that there is no immediate right of appeal from an order compelling arbitration.

Appeal by plaintiffs from order entered 11 March 1999 by Judge Michael E. Helms in Ashe County Superior Court. Heard in the Court of Appeals 29 March 2000.

*Don Willey for plaintiff-appellants.*

*John A. Meadows, P.A., by John A. Meadows and Mark T. Aderhold for defendant-appellee Green Tree Financial Servicing Corporation.*

MARTIN, Judge.

Plaintiffs appeal from an order compelling arbitration of their claims against Green Tree Financial Servicing Corporation. Although plaintiffs acknowledge their appeal is from an interlocutory order because it does not determine all claims against all parties, they contend the order compelling arbitration affects their substantial rights and is immediately appealable pursuant to G.S. § 1-277(a) and G.S. § 7A-27(d). In addition, they contend the trial court's action in finding "that there is no just reason for delay" and in certifying its order compelling arbitration "for appeal pursuant to Rule 54(b)" renders the order immediately appealable.

We first consider the trial court's Rule 54(b) certification. A Rule 54(b) certification by the trial court is reviewable by this Court on appeal; a trial court's certification of no just reason to delay the

**LAWS v. HORIZON HOUSING, INC.**

[137 N.C. App. 770 (2000)]

appeal does not bind the appellate court because " 'ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court.' " *First Atlantic Management Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 61 (1998) (quoting *Estrada v. Jaques*, 70 N.C. App. 627, 640, 321 S.E.2d 240, 249 (1984)); see *Tridyn Industries, Inc. v. American Mutual Ins. Co.*, 296 N.C. 486, 251 S.E.2d 443 (1979).

With respect to orders regarding arbitration, G.S. § 1-567.18 provides:

(a) An appeal may be taken from:

(1 An order denying an application to compel arbitration made under G.S. 1 567.3;

(2) An order granting an application to stay arbitration made under G.S. 1-567.3(b);

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of this Article.

The statute does not provide for an immediate appeal from an order compelling arbitration, and this Court has expressly held "that there is no immediate right of appeal from an order compelling arbitration." *Bluffs, Inc. v. Wysocki*, 68 N.C. App. 284, 286, 314 S.E.2d 291 (1984) (holding that an order compelling arbitration is interlocutory and does not affect a substantial right so as to be immediately appealable pursuant to G.S. 1-277(a) or G.S. 7A-27(d)).

Plaintiffs' appeal is dismissed.

Dismissed.

Judges LEWIS and WALKER concur.