DENNIS E. BULLARD, M.D. AND WENDY W. BULLARD, Petitioners v. TALL HOUSE BUILDING COMPANY, INC., a North Carolina Corporation, Respondent

No. COA08-839

(Filed 5 May 2009)

**Arbitration and Mediation— trial court order—confirming, vacating, modifying—new arbitration ordered—not appealable**

An appeal was dismissed as interlocutory where a trial court order confirmed, vacated, and modified an initial arbitration order, and compelled further arbitration, but the order was not certified for immediate appeal and did not impair a substantial right. Both of the arguments as to impairment of substantial rights focus on the new arbitration proceeding that was ordered by the trial court, but an order compelling arbitration does not deprive a party of a substantial right, and only new issues were to be addressed, so that the new award could not be inconsistent. Furthermore, avoiding the time and expense of arbitration is not a substantial right justifying immediate appeal.

Appeal by respondent from amended order entered 18 April 2008 by Judge Orlando F. Hudson, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 14 January 2009.

*Troutman Sanders LLP, by Gary S. Parsons and D. Kyle Deak, for petitioners-appellees.*

*Patterson Dilthey, LLP by Ronald C. Dilthey and Hedrick, Gardner, Kincheloe & Garafalo L.L.P., by Scott Lewis, for respondent-appellant.*

STROUD, Judge.

As the trial court ordered further arbitration, the order from which defendants appeal is interlocutory, and we therefore dismiss this appeal.

## I. Background

On or about 10 March 2003, Dennis and Wendy Bullard ("the Bullards") entered into a Building Agreement with Tall House Building Company ("Tall House"). The Building Agreement included an arbitration provision which read,

> Any claim, controversy or dispute arising out of or related to this Agreement, or the breach thereof, not resolved by mediation, shall be settled by arbitration in accordance with the Construction Industry Arbitration by a panel of three (3) arbitrators, one selected by each party and the third by the two appointed arbitrators, rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof. Prior to arbitration, the parties shall endeavor to resolve their disputes by mediation per Section XIII hereof. Notice of demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association.

> . . . .

> A party who files a notice of demand for arbitration must assert in the demand all claims then known to that party on which arbitration is permitted to be demanded. When a party fails to include a claim through oversight, inadvertence or excusable neglect, or when a claim has matured or been acquired subsequently, the arbitrators may permit amendment.

> The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

On or about 24 January 2006, the Bullards and Tall House entered into an Arbitration Agreement which read, "The parties agree to submit all disputes to private arbitration in accordance with the Contract for Construction dated March 2003 . . . ." On or about 14 February 2006, the Bullards submitted a "Demand for Arbitration" regarding various defects with the house constructed pursuant to the Building Agreement. (Original in all caps.) On or about 4 August 2006, the arbitrators entered an award addressing the issues presented in the Bullards' "Demand for Arbitration[.]" (Original in all caps.)

On or about 19 December 2006, the Bullards filed a "Motion For Partial Vacation of Arbitration Award" with the trial court and a "Demand for Arbitration and/or Amendment to the Original Demand for Arbitration" with the arbitration panel. (Original in all caps.) The Bullards alleged the arbitration award should be partially vacated because of fraudulent concealment and misrepresentations on the part of Tall House which kept them from discovering defects with the floor framing. The Bullards requested that "[i]f Respondent contends that Petitioners are prohibited from litigating the floor framing issues before the arbitration panel" that the trial court "vacate that portion of the arbitration panel's award that addresses flooring issues so as to permit floor framing issues to be heard[.]"

On 19 January 2007, Tall House responded to the Bullards' Motion to Vacate requesting "the Court deny Petitioners' Motion for Vacation of the Arbitration Award in its entirety and allow the Arbitration Panel to whom the parties have agreed to submit this matter to decide on the questions of whether any new claims should be heard[.]" On or about 23 August 2007, the arbitration panel concluded that

> [t]he evidence also does not support the contention that respondent concealed any structural defects. In fact, at the hearings before the initial award, it was very clear that there were potential structural problems, and the panel even inquired about those issues. All of the issues addressed in the "new" demand could have been discovered, albeit with some effort, prior to the first round of hearings. The initial award was intended—both by the panel and the parties—to resolve all issues that were raised or could have been raised at the time. All issues subsequently raised could have been discovered and presented earlier, and are barred by the prior award.

On 15 October 2007 Tall House filed an amendment to its response to the Bullards' motion to vacate. The amendment noted:

1. Subsequent to Petitioners' Motion filed herein on December 19, 2006, seeking an order to vacate a portion of the original Award of the Arbitration Panel dated August 4, 2006, and the Orders of the Panel dated September 21, 2006, and October 25, 2006, the Arbitration Panel conducted an additional hearing on motions and requests of Petitioners' on June 22, 2007, and then issued a final, dispository AWARD dated August 23, 2007 . . . .

2. In its four (4) page AWARD, the Arbitration Panel concluded: "The Panel denies any and all other claims for relief presented by Petitioners. All costs of these proceedings shall be taxed equally to the parties." . . . .

On 18 October 2007, the Bullards requested from the trial court

an order (1) confirming in part and vacating in part the August 23, 2007, Arbitration Award rendered in the private arbitration proceeding between parties, and (2) compelling Respondent to arbitrate those issues set forth in Petitioners December 19, 2006, and May 25, 2007, Amended and Supplemental Demands for Arbitration.

On 13 November 2007, Tall House responded to the Bullards' 18 October 2007 request and "respectfully move[d] the Court that the Petitioner's Motion to Vacate in Part and Confirm in Part Arbitration Award and Motion to Compel Arbitration be Denied."

On 27 March 2008, the trial court entered an order regarding the Bullards' motions. On 10 April 2008, the Bullards filed a motion "to correct a clerical mistake" in the trial court order. On 18 April 2008, the trial court amended its order granting the Bullards' "Motion for Partial Vacation of the August 4, 2006, Arbitration Award[,]" "Motion to Vacate in Part and to Confirm in Part the August 23, 2007, Arbitration Award[,]" and "Motion to Compel Arbitration[.]" From the amended order, Tall House appeals.

II. Applicable Law

The parties entered into their Building Agreement which contained a provision requiring arbitration on 10 March 2003. On 24 January 2006, the parties entered into an Arbitration Agreement which controlled the specifics of their arbitration, modifying their

Building Agreement, but explicitly stating that the Building Agreement remained "in full force and effect" where it did not conflict with the Arbitration Agreement. In its 18 April 2008 amended order, the trial court referenced and quoted the Revised Uniform Arbitration Act ("RUAA") as the applicable law.

The RUAA is only applicable to agreements to arbitrate "made on or after January 1, 2004" or "made before January 1, 2004, if all parties to the agreement or to the arbitration proceeding agree in a record that this Article applies." N.C. Gen. Stat. § 1-569.3 (2005). Here, the parties have not assigned error to the trial court's use of the RUAA as the applicable law and both parties have also cited the RUAA as applicable law in various documents, including memorandum of law and briefs to this Court. Accordingly, we conclude that the RUAA controls this case.

### III. Motion to Dismiss

#### A. The Parties' Contentions

On 29 July 2008 the Bullards filed a motion to dismiss this appeal. The Bullards argue Tall House's appeal should not be heard pursuant to N.C. Gen. Stat. § 1-569.28(a) which reads,

(a) An appeal may be taken from:

(1) An order denying a motion to compel arbitration;

(2) An order granting a motion to stay arbitration;

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A final judgment entered pursuant to this Article.

N.C. Gen. Stat. § 1-569.28(a) (2005). The Bullards argue "N.C.G.S. § 1-569.28(a)(5) expressly provides that an appeal does not lie from an order vacating an award which also directs a rehearing. Rather, the statute permits an immediate appeal only from 'an order vacating an award without directing a rehearing.' "

On or about 8 August 2008, Tall House filed a response to the Bullards' motion to dismiss arguing

1. Respondent-appellant's appeal from the trial court's modification of the Arbitration Awards involving the Pyrolave counters is not interlocutory pursuant to G.S. 1-569.28(4).

2. Respondent-appellant's appeal from the remainder of the trial court's Amended Order is not interlocutory pursuant to G.S. 1-569.28(5).

3. In the alternative, if the Court finds the appeal is interlocutory in whole or in part, the Amended Order affects a substantial right and Respondent has the right of immediate appeal.

Both the Bullards and Tall House argue that certain provisions within N.C. Gen. Stat. § 1-569.28(a) apply. The Bullards argue that the trial court vacated an award and directed a rehearing. Tall House argues the trial court modified an award and did not order a rehearing as the hearing the trial court ordered was intended to address *new* issues which had not yet been considered. We agree in part with Tall House as the trial court did indeed modify an award and did not direct a rehearing, but rather a new hearing; however, we disagree with Tall House that these conclusions render the order appealable.

B. The Bullards' Motion to the Trial Court

The Bullards' motion to the trial court was entitled "MOTION TO VACATE IN PART AND CONFIRM IN PART ARBITRATION AWARD AND MOTION TO COMPEL ARBITRATION[.]" Within the Bullards' motion it requested the trial court:

1. To **confirm** that portion of the August 23, 2007 Arbitration Award directing Tall House to "pay to Petitioner damages in the amount of Eighty-Eight Thousand Five Hundred and Eighty-Six Dollars ($88,586.00)" for the work associated with the media terrace;

2. To **vacate** those portions of the August 23, 2007 Arbitration Award:

   a. Denying Petitioners relief for the Pyrolave counters;

   b. Exercising authority over the December 2006 and May 2007 Arbitration Demands;

   c. Concluding that the Panel had authority to decide the arbitrability of the December 2006 and May 2007 Arbitration Demands; and

**BULLARD v. TALL HOUSE BLDG. CO.**

[196 N.C. App. 627 (2009)]

   d. Concluding that the issues presented in the December 2006 and May 2007 Arbitration Demands ". . . could have been discovered and presented earlier, and are barred by the prior August 4, 2006 Award."

3. To **liquidate** the Award concerning the countertops and order Respondent to pay to Petitioners the sum of $26,696.40, the value of the countertop it admittedly was ordered to replace but did not replace;

4. To **order a new set of arbitrators be empanelled** as permitted by G.S. § 1-569.23;

5. To **order a hearing before the new panel of arbitrators** of the issues presented in the December 2006 and May 2007 Amended and Supplemental Demands for Arbitration, as permitted by G.S. § 1-569.23; and

6. To grant Petitioners such other and further relief as the court shall deem just and proper.

(Bracket omitted.) (Emphasis added.) The above language from the Bullards' motion can best be classified, respectively, as requests to: (1) confirm, (2) vacate, (3) modify, as the Bullards are requesting relief which has not previously been granted, and (4-5) compel arbitration.

C. Trial Court's Order

   In the 18 April 2008 amended order the trial court

   ORDERED, ADJUDGED, and DECREED [in pertinent part], that:

3. Petitioners' **Motion for Partial Vacation** of the August 4, 2006, Arbitration Award is hereby **granted**.

4. Petitioners' **Motion to Vacate in Part and to Confirm in Part** the August 23, 2007, Arbitration Award is hereby **granted**.

5. Petitioners' **Motion to Compel Arbitration** is hereby **granted**.

6. That portion of the August 23, 2007 Arbitration Award directing Respondent to "pay to Petitioner damages in the amount of Eighty-Eight Thousand Five Hundred and Eighty-Six Dollars ($88,586.00)" for the work associated with the media terrace is hereby **confirmed**.

7. Petitioners shall have and recover of Respondent the sum of $88,586.00, and the acceptance of those funds on or after the date of entry of this Order shall not be deemed to constitute an abandonment of any challenge by Petitioners to any other provision of the August 4, 2006, or the August 23, 2007, Arbitration Awards.

8. Those portions of the August 23, 2007, Arbitration Award denying Petitioners relief for the Pyrolave counters, exercising authority over the December 2006 and May 2007 Arbitration Demands, concluding that the Panel had authority to decide the arbitrability of the December 2006 and May 2007 Arbitration Demands and concluding that the issues presented in the December 2006 and May 2007 Arbitration Demands ". . . could have been discovered and presented earlier, and are barred by the prior [August 4, 2006] Award" are hereby **vacated**.

9. Because the evidence at the June 22, 2007, hearing established without contradiction that Respondent did not complete the work regarding the Pyrolave counters set forth in the August 4, 2006, Arbitration Award, and that the value of the Pyrolave counter that Respondent failed to replace in conformity with that Award was $26,696.40, and because the Panel liquidated the other Completion Item that Respondent failed and refused to complete, the Court hereby **liquidates** the award regarding the Pyrolave counter in the amount of $26,696.40.

10. Petitioners shall have and recover of Respondent the sum of $26,696.40, and the acceptance of those funds on or after the date of entry of this Order shall not be deemed to constitute an abandonment of any challenge by Petitioners to any other provision of the August 4, 2006, or the August 23, 2007, Arbitration Awards.

11. A **new panel of arbitrators shall be empanelled**, as permitted by G.S. § 1-569.23, to hear and determine the claims set forth in the December 2006 and May 2007 Arbitration Demands, and that panel of arbitrators shall hear and determine all claims set forth in those demands, under the procedures and terms set forth in the March 10, 2003, Building Agreement.

The trial court's order thus: (6-7) confirmed, (8) vacated, (9-10) modified, as neither arbitration award appealed from provided this relief, and (11) compelled arbitration. Having properly classified the trial court's order, we now turn to the controlling statute.

D.  Controlling Statute—N.C. Gen. Stat. § 1-569.28

N.C. Gen. Stat. § 1-569.28(a) allows for an appeal from:

(1)  An order denying a motion to compel arbitration;

(2)  An order granting a motion to stay arbitration;

(3)  An order confirming or denying confirmation of an award;

(4)  An order modifying or correcting an award;

(5)  An order vacating an award without directing a rehearing; or

(6)  A final judgment entered pursuant to this Article.

N.C. Gen. Stat. § 1-569.28(a).

E.  Statutory Construction

We first consider the plain language of the statute, and "[w]e rely on the general rule of statutory construction that the inclusion of certain items implies the exclusion of others." *New Hanover Child Support v. Rains*, 193 N.C. App. 208, 212, 666 S.E.2d 800, 803 (2008) (citation omitted). Therefore, we conclude that the list enumerated in N.C. Gen. Stat. § 1-569.28(a) includes the only possible routes for appeal under the Revised Uniform Arbitration Act. *See id.* Furthermore, the statute reads that "[a]n appeal *may* be taken . . . ." *See* N.C. Gen. Stat. § 1-569.28(a) (emphasis added). "Ordinarily when the word 'may' is used in a statute, it will be construed as permissive and not mandatory." *In re Hardy*, 294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978) (citations omitted). Thus, the orders and judgment enumerated in N.C. Gen. Stat. § 1-569.28(a) are the only situations where an appeal could possibly be taken under the RUAA, though one is not required. *See Hanover Child Support* at 212, 666 S.E.2d at 803; *In re Hardy* at 97, 240 S.E.2d at 372.

F.  Analysis

N.C. Gen. Stat. § 1-569.28(a) first allows for an appeal from "[a]n order denying a motion to compel arbitration[.]" N.C. Gen. Stat. § 1-569.28(a)(1). Here, the trial court explicitly granted a motion to compel arbitration. Not only is an order granting a motion to com-

pel arbitration not listed in N.C. Gen. Stat. § 1-569.28(a) as an appealable order, it is explicitly recognized not to have a right of appeal within our case law. *Laws v. Horizon Housing, Inc.*, 137 N.C. App. 770, 771, 529 S.E.2d 695, 696 (2000) (citation and quotation marks omitted) ("[T]here is no immediate right of appeal from an order compelling arbitration.")

N.C. Gen. Stat. § 1-569.28(a) next allows for an appeal from "[a]n order granting a motion to stay arbitration[.]" N.C. Gen. Stat. § 1-569.28(a)(2). No orders or motions regarding a stay of arbitration are applicable to this appeal.

N.C. Gen. Stat. § 1-569.28(a) also allows for an appeal from "[a]n order confirming or denying confirmation of an award[.]" N.C. Gen. Stat. § 1-569.28(a)(3). Here, the trial court confirmed some portions of the 23 August 2003 award.

The trial court also modified an award as it ordered damages to be paid for the Pyrolave counters, which neither previous arbitration award had ordered. N.C. Gen. Stat. § 1-569.28(a) allows for an appeal from "[a]n order modifying or correcting an award[.]" N.C. Gen. Stat. § 1-569.28(a)(4).

N.C. Gen. Stat. § 1-569.28(a)(5) allows for an appeal from "[a]n order vacating an award without directing a rehearing[.]" N.C. Gen. Stat. § 1-569.28(a)(5). The Bullards argue that the trial court vacated an award and directed a rehearing, and thus N.C. Gen. Stat. § 1-569.28(a)(5) is inapplicable. However, the trial court actually vacated an award and compelled a new arbitration to be conducted in front of a new panel of arbitrators. The trial court did not order a rehearing on issues already considered by an arbitration panel, but rather a new hearing, based upon the Bullards' December 2006 and May 2007 arbitration demands, which the arbitration panel on 23 August 2007 refused to consider because they concluded that "[a]ll issues subsequently raised could have been discovered and presented earlier, and are barred by the prior award." Thus, N.C. Gen. Stat. § 1-569.28(a)(5) is applicable as the trial court did vacate "an award without directing a rehearing[.]" N.C. Gen. Stat. § 1-569.28(a)(5).

Lastly, N.C. Gen. Stat. § 1-569.28(a)(6) allows for an appeal from "[a] final judgment entered pursuant to this Article." N.C. Gen. Stat. § 1-569.28(a)(6). As the order before us directs further arbitration, it is not a final judgment, and thus N.C. Gen. Stat. § 1-569.28(a)(6) is not applicable.

BULLARD v. TALL HOUSE BLDG. CO.

[196 N.C. App. 627 (2009)]

In summary, Tall House appeals from an order which has both currently appealable and non-appealable issues. The arbitration statute itself offers us no guidance as to an order such as this one, which contains both provisions which are immediately appealable and provisions which are not immediately appealable. Tall House argues it should be allowed to proceed with its appeal as to the currently appealable issues; however, this is contrary to our well-established case law regarding interlocutory appeals. *See, e.g., Duval v. OM Hospitality, LLC*, 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007).

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Id.* (citation omitted). "An interlocutory order is generally not immediately appealable." *Id.* (citation omitted).

> Nonetheless, in two instances a party is permitted to appeal interlocutory orders. First, a party is permitted to appeal from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits. Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds.

*Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (citations, quotation marks, and ellipses omitted).

Here, the trial court did not certify its order for immediate appeal; therefore, Tall House must show that the order deprives it of a substantial right which will be jeopardized if an immediate appeal is not permitted. *See id.* Tall House argues, "The Amended Order contains the trial court's improper vacation of the Awards based on its failure to apply the proper standard of review, which causes sig-

nificant prejudice to Respondent. Additionally, the potential for multiple inconsistent awards, received only after a significant expense, also affects a substantial right." We disagree.

Tall House first argues that its substantial rights are affected because the trial court vacated portions of the award based upon an improper standard. Tall House contends that

> [t]he trial court's failure to apply the correct standard affects a substantial right because Respondent will be forced to undergo a new round of arbitration with a new panel before this Court can correct the Amended Order. The expense associated with the new arbitration and the delay it will cause to Respondent affect a substantial right.

Tall House's second argument is that there is "potential for multiple inconsistent arbitration awards." Tall House again claims the order for a new hearing also affects a substantial right because of "large amounts of money already spent defending the first round of lengthy arbitrations . . . and the expected unavoidable and. lengthy delays associated with re-arbitrating the issues to a new panel." Thus, both of Tall House's arguments as to impairment of its substantial rights focus on the new arbitration proceeding which was ordered by the trial court.

We first note that N.C. Gen. Stat. § 1-569.28(a) does *not* permit an immediate appeal of an order compelling arbitration, which is the portion of the order which Tall House cites as the primary cause for impairment of its substantial rights. "A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (citation and quotation marks omitted). This Court has previously determined that an order compelling arbitration does not deprive a party of a substantial right. *See Bluffs, Inc. v. Wysocki*, 68 N.C. App. 284, 285, 314 S.E.2d 291, 293 (1984) ("An order compelling the parties to arbitrate is an interlocutory order. We do not believe it affects a substantial right and works an injury to the appellant if not corrected before an appeal from a final judgment."). As to Tall House's second argument regarding inconsistent verdicts, the trial court ordered a new arbitration panel to address only issues which were not addressed in the original arbitration awards, so we do not find that the new award could be inconsistent with the others. Finally, as to any costs or delay associated with the new arbitration hearing, "avoiding the time and expense

of trial is not a substantial right justifying immediate appeal." *Reid v. Cole*, 187 N.C. App. 261, 266-67, 652 S.E.2d 718, 721-22 (2007) (quotation marks omitted) (quoting *Lee v. Baxter*, 147 N.C. App. 517, 520, 556 S.E.2d 36, 38 (2001)). Based on *Reid*, we conclude that "avoiding the time and expense of [arbitration] is not a substantial right justifying immediate appeal." *Id.* We therefore conclude that Tall House has not shown that a substantial right has been impaired. As Tall House's substantial rights have not been affected, we dismiss this appeal.

### III. Conclusion

As Tall House has appealed from an interlocutory order which was not certified for immediate appeal and which does not impair a substantial right, we dismiss.

DISMISSED.

Judges CALABRIA and ELMORE concur.