IN THE SUPREME COURT OF NORTH CAROLINA

No. 168A16

Filed 9 June 2017

THOMAS A. STOKES, III

v.

CATHERINE C. CRUMPTON (formerly Stokes)

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 784 S.E.2d 537 (2016), dismissing an appeal from an order entered on 7 August 2014 by Judge Anna E. Worley in District Court, Wake County. On 22 September 2016, the Supreme Court allowed plaintiff's petition for discretionary review of additional issues. Heard in the Supreme Court on 20 March 2017.

> *Shanahan Law Group, PLLC, by Kieran J. Shanahan, Christopher S. Battles, and John E. Branch, III, for plaintiff-appellant.*
>
> *Wyrick Robbins Yates & Ponton LLP, by Tobias S. Hampson, K. Edward Greene, and Robert A. Ponton, Jr., for defendant-appellee.*

BEASLEY, Justice.

This case is about whether a trial court has discretion to order post-confirmation discovery in an action under the Family Law Arbitration Act and a party's right to an interlocutory appeal of the trial court's denial of such a motion. We hold that plaintiff had a right to appeal the trial court's denial of his motion to

engage in discovery and that the trial court has discretion to order post-confirmation discovery in this case. Accordingly, we reverse the decision of the Court of Appeals and remand this case with instructions for the Court of Appeals to vacate the trial court's order and remand the matter for reconsideration of plaintiff's motion consistent with this opinion.

In April 2011, Thomas A. Stokes, III (plaintiff) and Catherine C. Stokes (now Crumpton) (defendant) separated. Plaintiff filed an action in July 2011 seeking equitable distribution of the parties' marital assets and child support. Shortly thereafter, the parties agreed to arbitrate the action under North Carolina's Family Law Arbitration Act (FLAA), N.C.G.S. §§ 50-41 to 50-62. On 13 August 2011, the trial court entered a Consent Order to Arbitrate Equitable Distribution and Child Support. One of the main issues to be settled during arbitration was the value of defendant's stake in Drug Safety Alliance, Inc. (DSA),[1] a company in which defendant was the President, CEO, and majority shareholder.

As part of the agreed-upon pre-arbitration discovery, plaintiff's counsel deposed defendant, seeking information, *inter alia*, on the value of DSA. During the deposition, defendant testified that she had "no intention of selling" DSA at that time, although she had been contacted by parties interested in purchasing the company.

---

[1] DSA managed adverse event reporting for pharmaceutical, biotech, animal health, and over-the-counter dietary supplement companies.

In response to questions regarding the possible sale, merger, or acquisition relating to DSA, defendant, for the most part, responded that she did not know or could not answer the question. During discovery, plaintiff's valuation expert also interviewed defendant and specifically inquired about "any written or oral offers to purchase DSA"; defendant said there were none. Plaintiff's expert also requested production of documents from DSA, including buy-sell agreements, written offers to purchase stock, and any major sale or purchase contracts. No such documents were ever produced.

On 18 May 2012, plaintiff and defendant entered into an Equitable Distribution Arbitration Award by Consent (the Award). That same day, the trial court entered an order and judgment in District Court, Wake County, confirming the award. The Award, *inter alia*, distributed to defendant all stock held by her in DSA and any other interest claimed by either party in the company. In return, defendant would pay plaintiff a lump sum of $1,000,000.00, plus an additional $650,000.00 over a six year period. The entire balance would become immediately due and payable, however, if defendant sold her ownership interest in DSA.

Less than two months later, on 5 July 2012, defendant signed a Letter of Intent to sell DSA to another company, United Drug, PLLC. In August 2012, United Drug purchased DSA for $28,000,000.00, of which defendant received approximately

$14,000,000.00 for her shares. Plaintiff claims to have learned about the sale through the media, without any prior knowledge of it during arbitration.

On 26 November 2012, plaintiff filed a Motion to Vacate Arbitration Award and Set Aside Order and Motion to Engage in Discovery.[2] Plaintiff's motion was predicated on an allegation of fraud, that defendant "intentionally induced [p]laintiff to settle through misrepresentation and/or concealment of material facts related to the sale, possible sale, discussions, negotiations and existence of documents related to the possible sale of DSA to a third party." Specifically, plaintiff alleged that defendant intended to sell DSA while arbitration was under way and that she fraudulently induced plaintiff to accept a distribution of only $1,650,000.00 for DSA based on her representations about the company during arbitration. According to plaintiff, during arbitration "the parties were arguing over a valuation of the marital interest in DSA as being between approximately two and five million dollars" and eventually stipulated to a value of $3,485,000.00 for DSA.[3] Plaintiff contends that he never would have agreed to DSA's value had defendant disclosed the sale opportunity.

As part of these motions, plaintiff requested leave "to conduct discovery regarding discussions, negotiations and activity by and involving [d]efendant and her

---

[2] Plaintiff amended his motion on 13 December 2013 to clarify that the motions were brought under the FLAA.

[3] As pointed out by defendant, the parties never stipulated to a value for DSA. Plaintiff contends, however, that the parties reached a mutual understanding as to DSA's value prior to consenting to the Award.

company DSA, its agents and United Drug and its agents that led to the July 5, 2012 Letter of Intent and subsequent sale of DSA to United Drug." On 7 August 2014, the trial court entered an order denying plaintiff's motion for leave to engage in discovery. The trial court concluded:

1. There is no pending action between Plaintiff and Defendant in which discovery may be propounded.
2. Plaintiff's Verified Motion to Vacate Arbitration Award is not a claim within which discovery may be conducted. Plaintiff's [request for] written discovery is therefore inappropriate.
3. All of Plaintiff's Motions to Compel [Discovery] . . . should be denied.

Plaintiff appealed to the Court of Appeals, which filed a divided opinion dismissing the appeal on 5 April 2016.

As a preliminary matter, the Court of Appeals addressed whether the trial court's order denying discovery was immediately appealable as an interlocutory order. *Stokes v. Crumpton*, ___ N.C. App. ___, ___, 784 S.E.2d 537, 539 (2016). Agreeing with defendant, the majority concluded that the order was not appealable under either the FLAA's appeal provision, N.C.G.S. § 50-60 (2015), or the substantial rights analysis of N.C.G.S. § 7A-27(b)(3)(a) (2015). *See id.* at ___, 784 S.E.2d at 540. In regards to the FLAA, the majority held that the discovery order did not fall under any of the types of orders enumerated in subsection 50-60(a) of the statute under which a right of appeal lies. *Id.* at ___, 784 S.E.2d at 540. Specifically, the majority also concluded that the order at issue here "is not a judgment" for purposes of

subdivision 50-60(a)(6). *Id.* at ___, 784 S.E.2d at 541. The majority then rejected plaintiff's argument that he was separately entitled to appeal from the order under N.C.G.S. § 7A-27, which governs interlocutory appeals. *Id.* at ___, 784 S.E.2d at 541-42. The majority concluded that plaintiff "failed to demonstrate that he would be deprived of a substantial right without appellate review of the order before a final judgment has been entered," as required under section 7A-27. *Id.* at ___, 784 S.E.2d at 541-42.

The dissent disagreed with the majority's conclusion that the discovery order was not immediately appealable. *Id.* at ___, 784 S.E.2d at 543 (Calabria, J., dissenting). Specifically, the dissent concluded that the order denying discovery was appealable under subdivision 50-60(a)(6), which the dissent deemed to be a "catch-all" provision that permits appeal from "[a] judgment entered pursuant to provisions of this Article." *Id.* at ___, 784 S.E.2d at 543. According to the dissent, "judgment" as used in this provision is not limited to "final judgments," but includes judgments that are interlocutory as well. *Id.* at ___, 784 S.E.2d at 543-44. The dissent also concluded that plaintiff had a right to appeal under section 7A-27 because plaintiff demonstrated that, if the order was not immediately reviewed, he would be deprived of a substantial right, consisting of any ability to prove the alleged fraud at the hearing on his motion to vacate, without some limited discovery. *Id.* at ___, 784 S.E.2d at 544-47.

Next, the dissent disagreed with the trial court's conclusion that "[t]here is no pending action between Plaintiff and Defendant in which discovery may be propounded." *Id.* at ___, 784 S.E.2d at 546. According to the dissent, "plaintiff's Motion to Vacate Arbitration Award and Set Aside Order based on allegations that the arbitration award was procured by fraud is pending." *Id.* at ___, 784 S.E.2d at 546. In response, the majority addressed the pending action issue in a footnote, disagreeing with the dissent's interpretation and stating that "[i]t is correct that Plaintiff's *motion* to vacate was pending, but the trial court concluded, and we agree, that the *action*—the arbitration of the parties' equitable distribution action—had concluded, and the pending motion was 'not a claim within which discovery may be conducted.'" *Id.* at ___ n.1, 784 S.E.2d at 539 n.1 (majority opinion).

Plaintiff filed an appeal of right based on the dissenting opinion, and on 22 September 2016, this Court allowed plaintiff's petition for discretionary review as to an additional issue. The issues before this Court are whether plaintiff has a right to appeal the trial court's order and whether the trial court had discretion to award discovery in this case.

As a threshold matter we consider whether plaintiff had a right to immediately appeal the trial court's order denying discovery. We hold that he did.

Plaintiff contends that the trial court's interlocutory order may be appealed if it affects a substantial right, pursuant to N.C.G.S. § 7A-27(b)(3)(a), even if plaintiff

has no right to appeal under the FLAA.[4] We agree. This Court has never explicitly addressed the interplay between appeals under an arbitration statute and section 7A-27. The Court of Appeals case law on this issue is unclear and somewhat contradictory. We take this opportunity to clarify the relationship between N.C.G.S. §§ 50-60 and 7A-27.

In *Bluffs, Inc. v. Wysocki*, 68 N.C. App. 284, 314 S.E.2d 291 (1984), the threshold issue before the court was whether there is an immediate right to appeal an order compelling arbitration under the Uniform Arbitration Act (UAA), which the court held did not exist. 68 N.C. App. at 286, 314 S.E.2d at 293. The court began its analysis by reviewing the bases for appeal enumerated in N.C.G.S. § 1-567.18(a) and concluding that an order compelling arbitration does not fall under the statute. *Id.* at 285, 314 S.E.2d at 292-93. After reaching this conclusion, the court then addressed whether the order affected a substantial right. *Id.* at 285-86, 314 S.E.2d at 293. Ultimately, the court held that an order compelling arbitration is not appealable under either the UAA[5] or section 7A-27. *Id.* at 285, 314 S.E.2d at 293.

---

[4] Plaintiff did not argue to this Court that he had a right to appeal under the FLAA itself. Assuming *arguendo* that the majority at the Court of Appeals correctly determined that plaintiff did not have a right to appeal under subdivision 50-60(a)(6) of the FLAA, we hold that plaintiff had a right to appeal the interlocutory order under N.C.G.S. § 7A-27 because the order affected a substantial right.

[5] Although an order compelling arbitration is not appealable under the UAA, *Wysocki*, 68 N.C. App. at 285, 314 S.E.2d at 292-93, the Revised UAA does provide a basis for appeal from an order denying a motion to compel arbitration, N.C.G.S. § 1-569.28(a)(1) (2015) ("An appeal may be taken from . . . [a]n order denying a motion to compel arbitration . . . .").

Subsequent Court of Appeals cases relying on *Wysocki* have followed a similar analytical framework—conducting a substantial rights analysis under section 7A-27 *after* concluding that the order at issue did not fall under the enumerated bases for appeal set out in the relevant arbitration statute. *See, e.g.*, *Smith v. Shipman*, 153 N.C. App. 200, 569 S.E.2d 34, 2002 WL 31055991 (2002) (unpublished); *N.C. Elec. Membership Corp. v. Duke Power Co.*, 95 N.C. App. 123, 381 S.E.2d 896, *disc. rev. denied*, 325 N.C. 709, 388 S.E.2d 461 (1989). *Wysocki* and its progeny do not explicitly address the relationship between appeals under an arbitration statute and interlocutory appeals under section 7A-27. Implicit in these cases, however, is support for the conclusion that a right to appeal can be based on section 7A-27 even if there is no right to appeal under the arbitration statute.

In the present case the Court of Appeals majority based its decision, in part, on the fact that the FLAA appeal provision does not include an order denying discovery as one of the enumerated bases for appeal. *Stokes*, ___ N.C. App. at ___, 784 S.E.2d at 540. The majority in *Stokes* relied on *Bullard v. Tall House Building, Co.*, 196 N.C. App. 627, 676 S.E.2d 96 (2009), quoting specifically the statement "that the list enumerated in [N.C.G.S.] § 1-569.28(a) includes the *only* possible routes for appeal under the [Revised UAA]." *Id.* at ___, 784 S.E.2d at 540-41 (quoting *Bullard*, 196 N.C. App. at 635, 676 S.E.2d at 102) (emphasis added)). The court in *Bullard* concluded that the order was not appealable under the Revised UAA and then conducted a substantial rights analysis under section 7A-27. 196 N.C. App. at 635-

39, 676 S.E.2d at 102-04.  The court held that an order compelling arbitration: (1) was not appealable under the Revised UAA; *and* (2) did not impair a substantial right justifying immediate appeal under section 7A-27.  *Id.* at 635-39, 676 S.E.2d at 102-04.

Therefore, despite this quoted language, the court in *Bullard* followed the same analysis used in *Wysocki* and its progeny, further supporting the inference that an appeal can lie from either statute.  Additionally, the Court of Appeals majority in this case similarly analyzed whether a substantial right was affected by the trial court's order, despite quoting *Bullard* and despite previously concluding that plaintiff had no right to appeal under the FLAA itself.  *Stokes*, ___ N.C. App. at ___, 784 S.E.2d at 541-42.  We hold that an appeal can be justified under section 7A-27 even if there is no right to appeal under the relevant arbitration statute.  To the extent *Bullard* suggests otherwise, it is abrogated.

Having determined that a substantial rights analysis under section 7A-27 may be conducted notwithstanding that no right to appeal lies under the arbitration statute itself, we turn now to whether the trial court's order denying discovery to plaintiff in this case affected a substantial right justifying immediate appeal.  We hold that the trial court's order denying discovery affected a substantial right.

An interlocutory order is generally not immediately appealable unless the order "[a]ffects a substantial right," *id.* § 7A-27(b)(3)(a).  *Sharpe v. Worland,* 351 N.C.

159, 161-62, 522 S.E.2d 577, 578-79 (1999) (discussing two avenues for immediate appeal of an interlocutory order, including N.C.G.S. § 7A-27). Discovery orders are "generally not immediately appealable because [they are] interlocutory and do[ ] not affect a substantial right that would be lost if the ruling were not reviewed before final judgment." *Id.* at 163, 522 S.E.2d at 579 (citations omitted). Such orders, however, are immediately appealable when "the desired discovery would not have delayed trial or have caused the opposing party any unreasonable annoyance, embarrassment, oppression or undue burden or expense, and if the information desired is *highly material to a determination of the critical question* to be resolved in the case." *Dworsky v. Travelers Ins.*, 49 N.C. App. 446, 447-48, 271 S.E.2d 522, 523 (1980) (emphasis added) (citing *Tenn.-Carolina Transp., Inc. v. Strick Corp.*, 291 N.C. 618, 231 S.E.2d 597 (1977)). In these situations, "an order denying such discovery does affect a substantial right and is appealable." *Id.* at 448, 271 S.E.2d at 523 (citing *Tenn.-Carolina*, 291 N.C. 618, 231 S.E.2d 597).

Here there is no dispute that the trial court's order is interlocutory, as it was made while plaintiff's motion to vacate was still pending. *See Sharpe*, 351 N.C. at 161, 522 S.E.2d at 578. As such, the interlocutory order must be shown to affect a substantial right in order to justify immediate appeal.

Plaintiff's motion requested limited discovery in the form of information relating to the timeline, details, and discussions between DSA and United Drug

11

regarding the August 2012 sale. This information is "highly material" to a determination on plaintiff's motion to vacate based on allegations that defendant fraudulently concealed the true value of her shares in DSA. Generally, a motion to vacate an arbitration award based on fraud must be proved by clear and convincing evidence. *See MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 858 (4th Cir. 2010) (stating that vacatur under the Federal Arbitration Act based on an allegation of "undue means" requires that the fraud or corruption be established by clear and convincing evidence); *Trafalgar House Constr., Inc. v. MSL Enters.*, 128 N.C. App. 252, 257-59, 494 S.E.2d 613, 617 (1998) (holding that the plaintiff failed to meet its burden of proof that grounds existed to vacate an arbitration agreement under the FAA on the basis of fraud). Fraud is generally defined as "[a] knowing misrepresentation or knowing concealment of a material fact made to induce another to act to his or her detriment." *Fraud, Black's Law Dictionary* (10th ed. 2014). Due to the concealment and deception inherent in fraud, it is unlikely that plaintiff will be able to obtain information necessary to support his motion to vacate without conducting some limited discovery. Thus, because the limited discovery requested by plaintiff is "highly material to a determination of the critical issue" in his motion to vacate, the order denying discovery affects a substantial right justifying immediate appeal under N.C.G.S. § 7A-27(b)(3)(a). *Dworsky*, 49 N.C. App. at 448, 271 S.E.2d at 523 (citing *Tenn.-Carolina*, 291 N.C. 618, 231 S.E.2d 597).

Having determined that plaintiff had a right to immediately appeal the trial court's order denying discovery, we reverse the Court of Appeals holding on this issue. We now consider whether the trial court had the discretion to order discovery in the case at hand. We hold that it did.

Plaintiff contends that his motion to vacate the arbitration award under the FLAA is a pending action under which discovery may be propounded. We agree. Under the FLAA, "upon a party's application, the court shall confirm an award, *except* when within time limits imposed under G.S. 50-54 . . . grounds are urged for vacating . . . the award, in which case the court *shall* proceed as provided in G.S. 50-54." N.C.G.S. § 50-53(a) (2015) (emphases added). Section 50-54 sets forth various reasons for which "the court *shall* vacate an award," including that "[t]he award was procured by corruption, fraud, or other undue means." *Id.* § 50-54(a)(1) (2015) (emphasis added). A timely motion to vacate under section 50-54 predicated on corruption, fraud, or other undue means "shall be made within 90 days after these grounds are known or should have been known." *Id.* § 50-54(b) (2015). Plaintiff's motion to vacate was timely filed, thus triggering the provisions of section 50-54.

Contrary to defendant's contention, there is no law prohibiting the trial court from utilizing its discretion to order discovery in this case. The plain language of the FLAA itself provides a mechanism for vacating an arbitration award upon proof of fraud. *See id.* §§ 50-53, -54. As stated above, clear and convincing evidence is needed

to succeed on a motion to vacate based on allegations of fraud. Given this high standard, and the concealment and deception inherent in fraud, post-confirmation discovery naturally follows. Moreover, there is no provision of the FLAA that prohibits post-confirmation discovery, and nothing within the statute limits section 50-54 solely to claims of fraud made pre-confirmation.

Section 50-53 explicitly provides an alternative, mandatory path for courts to take if a timely motion to vacate is filed, in which event the court *shall* proceed according to section 50-54. Here there is no debate that plaintiff timely filed his motion to vacate based on an allegation of fraud. Defendant argues that this alternative path only applies in the pre-confirmation context; nothing, however, in the language of sections 50-53 or 50-54 supports this conclusion. Reading an exception into the statute for post-confirmation motions would appear to create a right without a remedy. We decline to limit the statute in such a manner without clear indication of the General Assembly's intent.

Under the terms of the FLAA, a motion to vacate based on allegations of fraud disrupts the general process for confirming arbitration awards and creates a vehicle by which confirmed awards can be vacated. Accordingly, a motion to vacate under section 50-54 is pending because it seeks a remedy made available by the FLAA related to the underlying arbitration, to which plaintiff has availed himself.

Therefore, the motion to vacate was a pending action under which the trial court had the discretion to order discovery.

We hold, therefore, that plaintiff had a right to appeal the trial court's order denying discovery under the substantial rights analysis of N.C.G.S. § 7A-27(b)(3)(a), and that a right to appeal may exist under section 7A-27 even if the order is not appealable under the arbitration statute itself. Additionally, we hold that the trial court had discretion to award discovery in this case because the action was pending pursuant to sections 50-53 and 50-54 of the FLAA. For the reasons stated, we reverse the decision of the Court of Appeals and remand this matter with instructions to the Court of Appeals to vacate the trial court's order denying discovery and remand this case to the trial court for further consideration of plaintiff's motion consistent with this opinion.

REVERSED AND REMANDED.